## EBEN OWEN *v.* SETH D. DOTY.

FORCIBLE ENTRY AND UNLAWFUL DETAINER.—The proceedings provided for in the Act of 1850, concerning "forcible entry and unlawful detainer," are not a substitute for the action of ejectment. The object of the Act, (excluding the thirteenth section,) is to redress wrongs, occasioned by force used or threatened by the defendant, by restoring possession to the plaintiff, and punishing the defendant with fine and treble damages.

IDEM.—The plaintiff must have had the actual possession when the wrongful or forcible entry was made, and if a forcible detainer alone is complained of, the entry of the defendant must have been unlawful.

IDEM.—If the entry of the defendant was lawful, the plaintiff cannot, when his right to the possession has expired, expel him therefrom, or by using or threatening force make his entry unlawful.

COMPLAINT AGAINST TENANT HOLDING OVER.—A complaint in an action brought under section thirteen of the Forcible Entry and Unlawful Detainer Act of 1850, which avers that "when the plaintiff was peaceably in the actual possession of the premises, the defendant, by permission of the plaintiff, entered upon the same," avers a license to enter, and fails to state that the relation of landlord and tenant existed between the parties, and therefore contains no cause of action.

APPEAL from the County Court, Solano County.

Plaintiff recovered judgment in the County Court, and defendant appealed.

The other facts are stated in the opinion of the Court.

*Whitman & Wells*, for Appellant.

This action can only be maintained, if at all, under the provisions of the thirteenth section of the Act known as the Forcible Entry and Detainer Act, and our first point is, that it

is not within the provisions of that Act, inasmuch as the Act relates and is made to apply only to a person holding over, under and contrary to the terms of a lease or agreement, or failing to pay rent. The uniform construction has been that this section applies only to cases where the conventional arrangement of landlord and tenant subsisted, and not to cases where the tenancy exists by operation of law.

It was intimated in *Henderson* v. *Grewell*, by the late Supreme Court, that this section only applies to cases where a contract of tenancy exists *upon a lease rendering rent.* And this is probably correct when the proceeding is based on the default in the payment of rent, or in that which constitutes its substitute. In this case no lease had expired, and there was no covenant or agreement alleged which imposed upon the defendant the obligation of giving up the premises. The complaint is insufficient for this reason: no lease or agreement is averred, and no breach of suit.

But we submit that the thirteenth section of the Act cited cannot be extended to any such case as the one at bar; otherwise we have a substitute for the action of ejectment introduced into our practice. It applies solely to cases where the conventional relation of landlord and tenant subsists. It is a summary proceeding, to be kept strictly within the statute, proceeding upon the idea that the tenant wrought a forfeiture of his estate or right. (*Chipman* v. *Emeric,* 3 Cal. 323; *Gaskell* v. *Treanor,* 9 Cal. 339.)

For these purposes there must exist an express or implied contract to pay rent. (*Sampson* v. *Schaeffer,* 3 Cal. 201; *O'Connor* v. *Corbitt,* 3 Cal. 273; *Ramirez* v. *Murray,* 5 Cal. 223; *Treat* v. *Liddell et al.,* 10 Cal. 303.)

The Act concerning forcible entry, etc., is *strictissima juris,* and that the action will not be allowed to be used as a substitute for ejectment or trespass. (*Merrill* v. *Forbes,* 23 Cal. 379.)

*J. Dougherty,* and *M. A. Wheaton,* for Respondent.

Can a tenant at will be put out of possession under the Forcible Entry and Detainer Act? This question seems to be settled by the Act of 1861. (Laws of 1861, p. 514.) The language is, that "at the expiration of the month, the landlord may reenter, or maintain ejectment, or *proceed in the manner prescribed by law* to remove the tenant." If we have the right to proceed in the manner prescribed by law, we presume we have our choice to proceed in *any* manner prescribed by law, one of such remedies being under the Forcible Entry Act. Nor is such a proceeding a substitute for the action of ejectment. It is a right of action given by the statute, in addition to the right of action by ejectment. So, at least, *reads* the statute referred to.

Under section second of the Forcible Entry Act, this action can be maintained " against those who, having lawful and peaceable entry into lands, tenements, or other possessions, unlawfully detain the same ;" and restitution may be had for lands, tenements, etc., which, after a lawful entry, are held unlawfully. Even were it true, therefore, that this action would not be maintained under the thirteenth section, still, under the second and ninth sections, all that the complainant would be required to show in addition to the forcible or unlawful detainer complained of, would be that he was entitled to the possession of the premises at the time of the forcible or unlawful holding over.


By the Court, RHODES, J.

This action was brought under the Forcible Entry ·and Unlawful Detainer Act of 1850. The plaintiff alleges in his complaint that in April, 1863, he was peaceably in the actual possession of the premises in controversy ; that while so in possession " the defendant, by permission of the plaintiff, entered upon a portion of the same ;" that on the 20th day of October, 1863, the plaintiff notified the defendant to remove from the premises and deliver the same to the plaintiff; and that the defendant refused to deliver up the possession, and

has since that time "unlawfully, wrongfully and forcibly withheld said premises from the plaintiff's possession," etc.

It is not agreed by the parties whether the action was brought under the thirteenth section or one of the preceding sections of the Act.   As the Act and the several Acts amendatory thereof, under which the action was brought were repealed by the Forcible Entry and Unlawful Detainer Act of 1863, we shall not enter into an extended discussion of its provisions in this case.

It was not intended that the summary proceedings provided for in the Act, should be a substitute for the action of ejectment, although the second section, literally read, is broad enough to include every unlawful withholding of the possession from the person entitled to it, whether the defendant's entry was lawful or unlawful.   The purpose manifested by the Act, when all the sections, except the thirteenth, are considered together, was to redress the wrongs occasioned by the acts of the defendant, committed with force employed, or threatened, or manifested, by restoring the possession to the plaintiff and punishing the defendant by fine and treble damages.   The plaintiff must have had the actual possession when the unlawful or forcible entry was made by the defendant. If a forcible detainer is complained of, the entry of the defendant must have been unlawful, for the defendant who, having a right of entry, peaceably takes possession, cannot by any possibility be guilty of a wrong by defending his possession while he is entitled to it; and if his right to the possession has expired while he is in possession, the person thereupon entitled to succeed to the possession cannot by his own act, and without the aid of the proper Court, put the defendant out of possession; and if he attempts to do so, and force is used or threatened by the defendant, the plaintiff cannot call on the Courts to punish the defendant for the acts of force which he (the plaintiff) has provoked.

This case does not fall within those provisions of the Act we have been considering, for although it is alleged that the defendant forcibly withheld the possession, it is also alleged that

64

his entry was peaceable and lawful. The entry having been lawful and peaceable, the proper remedy is an action of eject-ment, unless the case falls within the thirteenth section. That section, has for its object the removal of the tenant by the landlord by means of the summary proceedings provided for in the Act, in case the tenant fails to pay the rent, or holds over after the expiration of his term. The parties authorized to institute the proceedings are the lessor and his successors in interest, they occupying the relation of landlord, and the de-fendants are those to whom the premises are " demised or let," and those holding under them. The parties to the action must bear the relation of landlord and tenant, and the tenant must have held over after the expiration of his term, or contrary to the covenants of the lease, or failed to pay the rent.

The complaint fails not only to state directly that the rela-tion of landlord and tenant existed between the parties, but no facts are stated from which that relation could be inferred. The allegation is that " the defendant by permission of plain-tiff entered upon a portion of the same," (the premises)—that is, that the defendant entered by the license of the plaintiff, not that he either took or held any right in the land under the plaintiff. A license to enter confers upon the licensee no interest in the premises, not even the right of temporary pos-session, but the possession is left in the person holding it when the license to enter was given. The entry by the defendant under the alleged permission of the plaintiff did not create the relation of landlord and tenant between the parties, and for that reason the case is not brought within the thirteenth section of the Act.

Judgment reversed and cause remanded.

Mr. Chief Justice SANDERSON expressed no opinion.