LANDON, J. I understand that this piece of ice was, and had long been, rounded, ridgy, and uneven, and therefore was more dangerous than a uniform surface of ice spread over the length and width of the walk would have been, and I therefore concur.

---

### JOHNSON *v.* HITCHCOCK.

(*Supreme Court, Special Term, New York County.* November 12, 1888.)

TRADE-MARKS—ADVERTISING DEVICES—INJUNCTION.

A real-estate auctioneer, who for many years has sold suburban property on the installment plan, and who has always used in his business, and for several years has had printed in connection with his advertisements, a representation of a flag with stars on the upper and lower borders, is entitled to an injunction against the use of the like arrangement of stars upon the representation of a flag used in the advertisements of another real-estate auctioneer, who also sells suburban property on the installment plan.

Action for injunction.

*J. T. Richards*, for plaintiff.　*É. J. Myers*, for defendant.

PATTERSON, J.　Strictly speaking, the plaintiff cannot maintain this action on the theory of trade-mark proprietorship, but the right he seeks to enforce will be protected, on the principle upon which courts of equity interfere to prevent illegitimate competition in trade or business by one seeking to acquire to himself the custom of another person by an unfair or fraudulent use of those signs, symbols, or devices which are used by, and are known to be used by, that other person.　The defendant has just as much right to use in his advertisements the picture of a flag as the plaintiff has, but he has not the right to imitate those peculiar and fanciful arrangements of details which indicate to the public the plaintiffs' special business sign.　In this case the plaintiff, several years ago, added to his general business of real-estate auctioneer that method of selling suburban property called in the evidence the "installment plan," and he has always used in his business, and for several years has had printed with his very extended newspaper advertisements, a representation of a flag; with stars studding the upper and lower borders in a very effective and striking way.　This he has used in combination with other and different devices, none of which has the defendant undertaken to imitate, but the permanent and conspicuous feature is the arrangement of stars on the borders or margins of the flag.　The defendant is also a real-estate auctioneer who sells country and suburban property in the same peculiar way, and he has recently advertised his sales in newspapers, with, as part of his advertisements, a representation of a flag, not only calculated to but which have in many instances deceived people, who have believed the defendant's advertisements to be the plaintiff's, the defendant's flag imitating the plaintiff's in the arrangement of stars on the upper and lower borders.　There is no doubt of the effect, and there can be but little of the cause, of the defendant's adoption of this feature of his flag, and heading his newspaper advertisements with a print or cut representing it.　I think there should be a decree for an injunction against the use of a flag imitating the plaintiff's in the arrangement and use of stars on the upper and lower hems or borders, with taxable costs, but further than this the decree should not go.