(51 Misc. Rep. 101.)

### UNITED STATES FRAME & PICTURE CO. v. HOROWITZ.

(Supreme Court, Special Term, New York County.   June, 1906.)

**1. TRADE-NAMES—FRAUDULENT USE—INJUNCTION.**

The use of the trade-name "New York Frame & Picture Co.," or "N. Y. Frame & Picture Co.," does not show an intent to deceive so as to authorize an injunction at the suit of the United States Frame & Picture Company.

[Ed. Note.—For cases in point, see vol. 46, Cent. Dig. Trade-Marks and Trade-Names, §§ 79–82.]

**2. SAME—UNFAIR COMPETITION.**

An employé and officer of plaintiff corporation opened a place of business of his own and used stationery and advertising cards so closely resembling those of plaintiff as to deceive, and published notices of removal calculated to lead persons to believe that reference was made to plaintiff, and not to defendant. *Held* to constitute unfair competition authorizing an injunction.

[Ed. Note.—For cases in point, see vol. 46, Cent. Dig. Trade-Marks and Trade-Names, §§ 79–82.]

**8. SAME—FAIR COMPETITION.**

Where an employé and officer of plaintiff corporation opened a place of business of his own and advertised in a manner containing no misleading references to his removal and to his previous location, it constituted fair competition.

[Ed. Note.—For cases in point, see vol. 46, Cent. Dig. Trade-Marks and Trade-Names, §§ 79–82.]

Action by the United States Frame & Picture Company against Charles S. Horowitz. Judgment for plaintiff for part of the relief asked.

100 N.Y.S.—45

Leslie S. Lockhart (Frederic W. Hinrichs, of counsel), for plaintiff.
Nathan Burkan (Arthur Palmer, of counsel), for defendant.

BLANCHARD, J.  This is an action brought by the plaintiff corporation to restrain the defendant from carrying on business under the trade-name of "New York Frame & Picture Co.," or "N. Y. Frame & Picture Co.," or any other name so similar as to cause plaintiff to be confused with the defendant in the minds of the public, and to restrain the defendant from using any advertisements or stationery likely to induce the public to believe that his business is that of the plaintiff. Plaintiff is a domestic corporation doing business at No. 3 Barclay street, New York City.  The defendant is a brother of the president of the plaintiff corporation, which was organized in 1902.  The defendant continued as an employé and officer of the plaintiff corporation until 1905, when dissensions arose between himself and his brother, and he severed his connection with the plaintiff company and opened a place of business at Nos. 86–88 Fulton street, under the trade-name of "New York Frame & Picture Co." or "N. Y. Frame & Picture Co.," for carrying on the same kind of trade as that of the plaintiff.  He ordered from the same printer who did work for the plaintiff advertising cards and stationery similar as to heading and marginal matter to the advertising cards and stationery of the plaintiff.  He issued cards and letters to many persons, including customers of the plaintiff, stating that "we have now moved to Nos. 86–88 Fulton street," and that "we are now located at the above address," and referring to "our long past experience" and "our new place."  In some instances it was testified that former customers of the plaintiff had thus been led to believe that the plaintiff had removed to the defendant's address.  The use of such stationery, which was so closely similar as to be a deceptive imitation of that of the plaintiff, and the publication of notices of removal so ambiguous in phrasing as to lead the unwary to believe that reference was made to the plaintiff, and not to the defendant, is unfair competition.  De Youngs v. Jung, 7 Misc. Rep. 56, 27 N. Y. Supp. 370; Johnson v. Hitchcock (Sup.) 3 N. Y. Supp. 680.

The use and publication of such stationery and notices has in large measure been discontinued by the defendant.  An injunction, however, against the continuance of their use and publication will be made. The use of the trade-name "New York Frame & Picture Co." or "N. Y. Frame & Picture Co." stands in a different situation.  No intent to deceive the public can be predicated from the mere assumption of this name or from the wide advertisement thereof.  From the evidence submitted upon the trial, it appears that the defendant has advertised extensively and in greater measure apparently than the plaintiff.  In so far as such advertisements contain no misleading or ambiguous references to removal and to previous location, and are not imitative in style or printing of the advertisements of the plaintiff, such advertisements constitute fair competition.  In this respect the present case is distinguishable therefore from the facts presented in Charles S. Higgins Co. v. Higgins Soap Co., 144 N. Y. 462, 39 N. E. 490, 27 L. R. A. 42, 43 Am. St. Rep. 769.  The defendant will be enjoined therefore only as has

already been indicated. The use by the defendant of the trade-name "New York Frame & Picture Co." or "N. Y. Frame & Picture Co." will not be restrained, and in other respects the plaintiff's prayer for relief will be denied, without costs to either party.

Judgment accordingly.