45  337
85  622

RICHARD FARMER AND JOHN DRISCOLL v. DAVID HUNTER.

*Forcible detainer—Proof of defendant's rights.*

Where suit is brought before a justice for a forcible detainer, and the complaint alleges the entry to have been peaceable, defendant can show that he entered under a *bona fide* claim of title and without collusion with the complainant's tenant.

A proceeding for forcible entry and detainer does not lie against one whose entry was peaceable and without collusion with a tenant.

Error to Midland. Submitted Jan. 7. Decided Jan. 19.

FORCIBLE ENTRY AND DETAINER. Defendant brings error. Reversed.

*M. H. Stanford* for plaintiff in error. An owner of premises, having obtained peaceable possession, may defend it: *Hoffman v. Harrington* 22 Mich. 52; *Newton v. Doyle* 38 Mich. 650.

*Van Kleeck & Rice* for defendant in error.

CAMPBELL, J. Hunter complained, before a justice of the peace, of Farmer and Driscoll of peaceably entering and forcibly detaining his premises. He prevailed both before the justice and on appeal, where the circuit judge refused to

allow the defendants to show a right to the land and directed a verdict for plaintiff.

On the trial plaintiff showed acts of force in keeping him out. He also undertook to show that the contest arose on occasion of his attempt to re-enter on a terminated lease. He seems to have claimed that respondents got in collusively by arrangement with his outgoing tenant.

But they introduced testimony to show that they entered under a *bona fide* claim of title and without any collusion whatever. Hunter could not under his complaint dispute the peaceable nature of their entry. If they entered peaceably and without collusion with Hunter's tenant, they were not in privity with him, and could not have their claims of right tried in this summary way. If they had title and entered in that way they had a right to continue in possession and Hunter had no claim against them, but would himself have been a trespasser by using force to dispossess them.

The court erred in directing a verdict on facts not admitted, but disputed on the main question involved..

Judgment must be reversed with costs and a new trial granted.

The other Justices concurred.