## TORREY V. BERKE.

Under Comp. Laws, § 6073, subd. 1, providing that an action for forcible entry and detainer is maintainable ''where a party has by force, intimidation, fraud, or stealth ' entered upon the prior actual possession of real property of another, and detains'' it, where plaintiff was not at the time of the entry, in actual possession, and defendant obtained possession in good faith under a purchase from the actual occupant, who held the record title, the action cannot be maintained.

(Opinion filed August 31, 1898.)

Appeal from circuit court, Minnehaha county. Hon. J. W. JONES, Judge.

Action in forcible entry and detainer, by H. C. Torrey against Herman Berke. From a judgment in favor of plaintiff and an order denying a new trial, defendant appeals. Reversed.

*Bailey & Vorhees,* (*Frank R. Aikens,* of counsel), for appellant.

The reassignment executed to the bank operated to vest the title to the property in controversy to the bank notwithstanding any alterations that may have been made in the instrument subsequent to its delivery. §§ 3245, 3617, 3228, 3229, 3231, 3593 Comp. Laws; Woods v. Hilderbrand 46 Mo. 284; Lewis v. Payne, 8 Cowan 70; Jackson v. Gould, 7 Wend. 364; Herrick v. Malin, 22 Wend. 388; Hatch v. Hatch, 9 Mass. 307; Dana v. Newhall, 13 Mass. 498; Coit v. Starkweather, 6 Conn. 289; Wallace v. Harmstad, 44 Penn. St. 492.

Under the facts as disclosed by the record an action of forcible entry and detainer will not lie. § 6073 Comp Laws; Farmer v. Hunter 45 Mich. 337; Latimer v. Woodward 2 Doug. 368; Polack v. McGrath 25 Cal. 54; 38 Cal. 666; Cummins v. Scott 23 Cal. 526; Moon v. Agee 7 Mo. 289; Conroy v. Duane 45 Cal. 597; Pike v. Witt 104 Mass. 595.

If respondent has any action against appellant it is one of ejectment or trespass. If he has any cause of action at all it is one against the bank for damages.

*Keith & Warren,* for respondent.

Forcible entry and detainer was the plaintiff's remedy. Townsdin v. Townsdin 48 Pac. 601; Stover v. Hazelbaker 60 N. W. 597; Potts v. Magnus 30 Pac. 58; Shuly

v. Florety 20 Pac. 687; Chisholm v. Weise 47 Pac. 1086; 2 Pom. Eq. Jur. §§ 683, 691, 750; Grindstone v. Carter 24 Am. Dec. 230; Boom v. Chiles 10 Pet. 177; Veith v. McMurtry 42 N. W. 6; Kansas City Inv. Co. v. Fulton 46 Pac. 188; Henderson v. Wanamaker 79 Fed. 736.

The so-called reassignment does not aid appellant because it was left with the officers of the bank upon the express condition and to take effect only in the event that the bank could make a sale of the property, and if the sale was not made the instrument was not to become operative. McCormick Harv. Mach. Co. v. Faulkner 64 N. W. 163; Fur Co. v. Kremer 64 N. W. 528; National Ref. Co. v. Miller 1 S. D. 548.

The acceptance of benefits under a contract by one of the parties thereto, or bringing suit upon it to enforce it, or for the recovery of anything to which the party may be entitled under the terms of the contract estops such party to deny the validity or existence of the contract. Bigelow on Estoppel p. 584; Hamilton v. Wilford 15 S. E. 753; Ballard's Annual, Vol. 4, 270 1 and cases cited; Brundage v. Home S. & L. Ass'n. 39 Pac. 666; Bohart v. Republic Inv. Co. 30 Pac. 180; Duke v. Griffith 35 Pac. 512; Cassidy v. Aldhous 27 N. Y. S. 267.

FULLER, J.  As the answer in this forcible entry and detainer action before a justice of the peace put in issue the title to real property, the case was certified to the circuit court, where a trial resulted in a judgment for plaintiff, from which, and an order overruling his motion for a new trial, the defendant appeals.

The property in dispute consists of a lot 200 feet square, upon which a flouring mill is situated, to the actual possession

of which respondent claims to be entitled by reason of a contract of purchase and sale which he and W. H. Wilson entered into with the Minnehaha National Bank on the 1st day of August. 1893. The evidence shows that respondent, though in default, continued to occupy the premises and operated the mill until some time in July, 1895, when the miller in charge during respondent's temporary absence from the state voluntarily and in good faith turned over the keys and surrendered actual possession of the entire property to Porter P. Peck, president of the bank, who, on its behalf, had executed the contract above mentioned, and the following paper, dated December 17, 1894, which is signed by respondent and his co-obligor, W. H. Wilson: "It is hereby agreed that W. H. Wilson and H. C. Torrey do hereby assign to the Minnehaha National Bank all their right, title, and interest in a certain contract entered into between the said W. H. Wilson and the said H. C. Torrey on the 1st day of August, A. D., 1893, with the said Minnehaha National Bank, for the purchase of certain property known as the 'Montrose Roller Mill,' and the said W. H. Wilson and the said H. C. Torrey waive all rights thereunder. And it is further agreed that the interest of the said W. H. Wilson in the stock of the said mill and the flour and merchandise on hand is hereby assigned to the Minnehaha National Bank, and that out of the proceeds of his said share of said stock the said Minnehaha National Bank shall, when the same is converted into money, credit the said sum of $300.00 upon a certain note for $355 made by the said W. H. Wilson to the said Minnehaha National Bank." Thereafter, and on the 10th day of August, 1895, while the bank held the legal title and was in actual possession of the premises, appellant in apparent good faith, and for

a valuable consideration, entered into a written contract for the purchase of the property, by which the bank, upon the performance of certain enumerated things by the grantee, bound itself to execute and deliver to him a good and sufficient deed with the usual covenants of warranty, and pursuant to this contract appellant, without any force, intimidation, fraud or stealth, entered peacefully upon the bank's prior actual occupancy of the property, and now defends his possession upon the theory that in contemplation of law his entry was not forcible, nor his detention unlawful. As the remedy is in its nature summary, and the action, under subdivision 1 of section 6073 of the Compiled Laws, only maintainable "where a party has by force, intimidation, fraud or stealth entered upon the prior actual possession of real property of another and detains the same," proof that the complainant was not in actual peaceable occupancy at the time of the alleged wrongful entry, or that possession was taken in good faith under color of right to the premises, is always a complete defense. Murray v. Burris, 6 Dak. 170, 42 N. W. 25; Dennis v. Wood, 48 Cal. 361. In California, under a similar statute, it has been uniformly held that "the remedy by the action of forcible entry and detainer is only given to those who are in actual possession (at the time of the ouster complained of), and cannot be sustained by merely showing a constructive possession or right of possession." Barlow v. Burns, 40 Cal. 351. Neither is a scrambling possession sufficient, nor can title be made a matter of inquiry beyond its bearing upon the question of motive, or to justify an alleged forcible entry and detainer. Conroy v. Duane, 45 Cal. 597; Conaway v. Gore, 27 Kan. 122; Pike v. Witt, 104 Mass. 595. Upon the undisputed evidence showing that res-

pondent was not, at the time of the alleged wrongful entry, in actual possession, and that appellant, without fraud or collusion, went into peaceful possession under a contract of purchase with the actual occupant and party holding the record title, the motion made to direct a verdict in favor of appellant ought to have been granted. Farmer v. Hunter, 45 Mich. 337, 7 N. W. 904; Worthington v. Woods, 22 Neb. 230, 34 N. W. 368; Brown v. Beatty, 76 Ala. 250; Moore v. Agee, 7 Mo. 146; Keller v. Klopfer, 3 Colo. 132; Owen v. Doty, 27 Cal. 502; Dawson v. Dawson, 17 Neb. 671, 24 N. W. 339. As against appellant, the subsequent efforts on the part of respondent to regain possession of the mill amounted to a mere trespass, and the state of facts disclosed by the record are not such as to justify an action in forcible entry and detainer. In the absence of every essential element of forcible entry and detainer, the purpose and legal effect of the instrument signed on the 17th day of December, 1894, by respondent and Wilson, and delivered to the bank, need not be determined. The judgment appealed from is reversed, and the case remanded for a new trial.