### Schlegel v. Link.

No. 234.    Opinion Filed November 11 ,1909.

(105 Pac. 652.)

**FORCIBLE ENTRY AND DETAINER—Complaint—Sufficiency.** In an action of forcible entry and detainer, or of forcible detainer, it is not necessary for the complaint to contain a statement of the particular facts relied upon to constitute the alleged forcible entry or forcible detention, but such complaint is sufficient in this regard if it contains the language of the statute.

(Syllabus by the Court.)

*Error from Bryan County Court.*

Action by E. Schlegel against J. B. Link. · Judgment for plaintiff before a justice was reversed on appeal, and plaintiff brings error. Reversed and remanded.

*Wilkins & Phillips,* for plaintiff in error.
*McPherren & Abbott* and *H. H. Loden,* for defendant in error.

Kane, C. J.    This was an action in forcible entry and detainer, commenced before A. Neely, a justice of the peace in the city of Durant, Okla., and resulted in a judgment in said court for the plaintiff, Schlegel, and was appealed by the defendant to the county court of Bryan county, and there a demurrer to the affidavit and bill of particulars was filed by the defendant, which demurrer was sustained.    The plaintiff, electing to stand on said affidavit and bill of particulars, and refusing to plead further, judgment was rendered and entered for the defendant, to reverse which this proceeding in error was commenced in this court.    The complaint and affidavit, omitting the caption and description of the land, were in words and figures as follows:

"Comes now the plaintiff herein, E. Schlegel, and upon his oath states that he is entitled to the immediate possession of the premises hereinafter described, which is forcibly and unlawfully, and without just cause, detained by the defendant.    *    *    *    The said defendant went into possession of the said lands lawfully under a certain four-year written lease in the year 1906, and about

last December, 1907, defendant sold and delivered by verbal agreement the lease contract under which he was holding, to this plaintiff, for $150, paid to the defendant at the time of said sale and delivery of said lease contract, and by the said transfer and sale the plaintiff became the owner of said lease, and was, and still is, entitled to the immediate possession of the same, and that the defendant refused and failed and does not deliver the possession. The plaintiff further states that the defendant has been served with a notice for the possession, as required by law, and that said notice was served lawfully upon the defendant more than three days before the bringing of this suit. The plaintiff, therefore, prays that he be given judgment of restitution of the said premises described above, and that he be given judgment for the possession and for all costs and all other and proper relief."

Section 5090, Wilson's Rev. & Ann. St. 1903, under the act entitled "Forcible Entry and Detainer," provides that:

"The summons shall not issue herein until the plaintiff shall have filed his complaint in writing, under oath, with the justice, which shall particularly describe the premises so entered upon or detained, and shall set forth either an unlawful and forcible entry and detention, or an unlawful and forcible detention after a peaceful or lawful entry of the described premises."

In *Richardson et al. v. Penny*, 5 Okla. 328, 50 Pac. 231, the first paragraph of the syllabus reads as follows:

"In an action of forcible entry and detainer, or of forcible detainer, it is not necessary for the complaint to contain a statement of the particular facts relied upon to constitute the alleged forcible entry or forcible detention, but such complaint is sufficient in this regard if it contains the language of the statute. That portion of the decison of this court in *Rice v. West* (10 Okla. 1, 33 Pac. 706) holding to the contrary is overruled."

Applying the rule laid down in the foregoing case to the case at bar, it would seem that the complaint stated a good cause of action in the language of the statute. It may be that the plaintiff pleaded more than was necessary to constitute a cause of action, but this is not a good ground upon which to sustain a demurrer to the bill of particulars.

The judgment of the court below is reversed, and the cause remanded to the county court of Bryan county, with instructions to

overrule the demurrer, and for further proceedings not inconsistent with this opinion.

Dunn, Hayes and Turner, JJ., concur; Williams, J., not participating.