## PETERS v. HOLDER.

No. 2988.   Opinion Filed November 4, 1913.

(136 Pac. 400.)

1. **APPEAL AND ERROR**—Forcible Entry and Detainer—Complaint —Sufficiency. The complaint states a cause of action under section 5508, Rev. Laws 1910. Where there is evidence tending to support the same, this court will not weigh the testimony.

2. **LANDLORD AND TENANT**—Tenancy—Term. A tenant in possession under a void or defective lease for a term of years creates a tenancy at will, and, if periodical rent be paid, the tenancy becomes one from year to year. **Tate v. Gaines**, 23 Okla. 141, 105 Pac. 193, 26 L. R. A. (N. S.) 106; 24 Cyc. 1031.

3. **JUSTICES OF THE PEACE**—Appeal—Trial De Novo. Williams' Const. Okla. art. 7, sec. 14: "Until otherwise provided by law * * * in all cases, civil and criminal, appealed from justices of the peace to the county court, there shall be a trial de novo on questions of both law and fact."

(Syllabus by the Court.)

*Error from County Court, Grady County;*
*N. M. Williams, Judge.*

Action by George W. Holder against Ed Peters. Judgment for plaintiff, and defendant brings error. Affirmed.

*William Stacey,* for plaintiff in error.

*F. E. Riddle,* for defendant in error.

LOOFBOURROW, J. George W. Holder, defendant in error, plaintiff below, commenced this action for forcible entry and detainer in the justice of the peace court, Chickasha township, Grady county, Okla., by filing therein a complaint, the substance of which is as follows:

"That the plaintiff, George W. Holder, complaining of the defendant herein, represents to the court that he is the owner and entitled to the immediate possession of the following described land and premises situated in Grady county, Oklahoma, to wit: S. W. ¼ S. E. ¼ S. W. ¼ section 12, N. W. ¼ N. W.

¼ and W. ½ of S. W. ¼ and E. ½ of N. W. ¼ N. W. ¼ N. E. ¼ and W. ½ S. W. ¼ of N. E. ¼ section 13, township 6 N., range 7 W., containing 200 acres, more or less—that the defendant is in the unlawful and wrongful possession of said premises after his time for which he had a right to keep said premises has expired; that said defendant went into possession of said premises under plaintiff's tenant, and that the right and time of plaintiff's said tenant to said land and premises has expired, and said defendant is now in the unlawful and wrongful possession of said land and premises; that plaintiff has caused written notice to be served upon said defendant demanding him to vacate and deliver possession of said premises to this plaintiff, which said notice has been served more than three days, and gave said defendant more than three days' notice to vacate said premises; that the reasonable rental value of said premises would be about $300 per year. * * *"

The case was tried to the court, and the court rendered judgment in favor of Holder for twenty acres, and judgment in favor of Peters for 175 acres. From this judgment, the defendant below, Peters, appealed to the county court, where a trial was had to a jury, the jury finding a verdict in favor of defendant in error, Holder, for the entire tract of 200 acres, and judgment entered thereon. A motion for a new trial was overruled, and the case is now before this court on appeal.

The record discloses that the defendant in error, George W. Holder, in January, 1906, leased the 200 acres of land in controversy for a period of five years from one Mary Crowder, an Indian allottee; that in 1908 defendant in error placed one Jenkins in possession of the premises, who farmed and occupied the same until November, 1909, at which time the said Jenkins abandoned the place; one witness states "he ran away and left the country," leaving thereon corn and hogs and other property belonging to the defendant in error, Holder, and some personal effects which he turned over to one Cox; that in the meantime Mary Crowder deeded the land to one Champion, Champion deeded to Noble, and Noble deeded to Vaughn, the last deed being executed and delivered in July, 1909; that within a short time after Jenkins vacated the premises Peters, the plaintiff in error, moved into the house on the land, Peters claiming to rent

from Vaughn, Holder claiming Peters rented from Jenkins. Within ten days after Peters moved into the house on the premises Holder commenced this action.

The assignments of error upon which plaintiff in error relies in his brief are, first, error of the trial court in refusing to grant a new trial. Under the second, third, fourth, and fifth assignments of error counsel states:

"The complaint in this case alleges a peaceable and lawful entry, but charges a forcible detention after the expiration of the time which the defendant had a right to hold the premises. It is well established in this class of cases that evidence of an unlawful entry cannot be admitted where the complaint sets up a peaceable and lawful entry; that, where the complaint alleges a peaceable entry, plaintiff is estopped from denying it; and that, where the owner in fee of land acquires peaceable possession, he cannot be proceeded against in this summary action —citing *Farmer et al. v. Hunter* [45 Mich. 337], 7 N. W. 904; *Preston v. Kehoe et al.,* 15 Cal. 315.  *  *  In the case at bar the defendant is conceded by the plaintiff to have gained the peaceable and lawful entry. He was there as a tenant of Vaughn. His possession was Vaughn's possession, and Vaughn was the owner in fee of the entered tract."

With reference to this contention of plaintiff in error, see Rev. Laws 1910, under forcible entry and detainer, section 5508:

"Complaint. The summons shall not issue herein until the plaintiff shall have filed his complaint in writing under oath, with the justice, which shall particularly describe the premises so entered upon or detained, and shall set forth either an unlawful or forcible entry and detention, or an unlawful and forcible detention after a peaceable or lawful entry of the described premises."

See *Schlegel v. Link,* 25 Okla. 263, 105 Pac. 652. On this proposition there is a conflict in the testimony; a part of the testimony tending to support the allegations and theory set forth in the complaint, and a part tending to support the theory of the plaintiff in error. The jury passed upon that question, and it is not for this court to weigh the evidence.

The plaintiff in error further contends that the defendant in error was a mere trespasser on the land, for the reason that he failed to prove a valid lease from the allottee, and it is admitted

that the lease was defective; but the testimony is undisputed that Holder paid the rent each year for the years 1906, 1907, 1908, and 1909. The law is:

"An entry under a void or defective lease for a term of years creates a tenancy at will, and if periodical rent be paid the tenancy becomes one from year to year." (*Tate v. Gaines,* 25 Okla. 141, 105 Pac. 193, 26 L. R. A. [N. S.] 106; 24 Cyc. 1031—citing a long list of authorities in support of that proposition.)

Therefore Holder held as a tenant from year to year, and until his tenancy was terminated by three months' notice in writing. Section 3784, Rev. Laws 1910.

The sixth assignment of error is based on the holding of the county court that the appeal from the judgment against him for possession of 25 acres of the land also carried up the judgment in his favor for possession of 175 acres; the plaintiff not having appealed. There is no merit in this contention. See Williams' Ann. Const. Okla. art 7, sec. 14:

"Until otherwise provided by law, the county court shall have jurisdiction of all cases on appeals from judgments of the justices of the peace in civil and criminal cases; and in all cases, civil and criminal, appealed from justices of the peace to such county court, there shall be a trial *de novo* on questions of both law and fact."

"'Trial *de novo*" means trial of the entire case anew, as if no action had been instituted in court below—a second time. 8 Words and Phrases, p. 7108.

The tenth assignment of error complains of instruction No. 5 given by the court, which is as follows:

"That if the jury find from the evidence that the plaintiff, George W. Holder, paid the allottee, Mary Crowder, the rent on the land in controversy for the year 1909, and that he was in possession of said land through his tenant Jenkins, then in that event the plaintiff, Holder, would be a tenant from year to year, or until the tenancy was terminated by a three months' notice in writing given prior to the expiration of said year, and would be entitled to the possession of said premises until said notice was given."

Such instruction correctly states the law applicable to this case.

We find no reversible error in the record, and the judgment of the lower court is affirmed.

All the Justices concur.