**SCHOOL DISTRICT NO. 84 OF POTTAWATOMIE COUNTY et al. v. ASHER SCHOOL DIST. NO. 112 et al.**

No. 24605. May 1, 1934.

Rehearing Denied May 22, 1934.

Stanard, Carey & Stanard, for plaintiffs in error.

Clarence Robison, for defendants in error.

SWINDALL, J. On April 18, 1932, there was filed in the office of the county superintendent of public instruction of Pottawatomie county, Okla., a petition addressed to that officer and signed by 33 persons claiming to be qualified electors of school district No. 84, in that county, the petition being styled "Petition to Change Boundary Line of School District No. 84, Twp. No. 6, Range No. 4 E." The body of the petition reads:

"We, the undersigned, composing more than one-half of the qualified electors of school district No. 84 in said Pottawatomie county, hereby petition you to change said district as follows:

"1. By attaching all of school district No. 84 to Asher school district No. 112, providing that Asher school district No. 112 guarantees transportation to all the school children residing in school district No. 84.

"2. This petition becomes void if Asher school district No. 112 fails to furnish transportation."

School district No. 84 is a common school district and Asher school district No. 112 is an independent school district. On May 17, 1932, the county superintendent made an order setting a hearing upon said petition in the office of the county superintendent at Shawnee, Okla., at the hour of 10 o'clock in the forenoon of June 3, 1932, and gave notice of the hearing. There is a protest in the record signed by 39 persons claiming to be qualified electors of the dis-

trict No. 84, including 12 of the persons who had signed the petition for annexation of that district to Asher district No. 112. It appears to have been signed on the 9th day of June, 1932, but the county superintendent testifies that it was not presented to her until the 10th day of that month. The record shows that the petition to annex district No. 84 to Asher district No. 112 was circulated by Ed Coleman, actively assisted by the superintendent of schools and members of the Asher school district board, after school district No. 84, at the annual meeting held in the spring of 1932, had been unable to vote the full ten-mill additional levy, and it appeared that district 84 might be unable to have the length of term many of the patrons of the district desired. Twelve electors seek to withdraw their names from the petition upon several grounds, among them being that upon investigation after they had signed the petition they learned that Asher school district No. 112 was not and could not be legally bound to pay for the transportation of all the pupils in school district No. 84 to school in the Asher district; that they were induced to sign the petition to annex the territory of district No. 84 to the Asher district by reason of the conditions in the petition, and that they would not have signed said petition had they not at the time they signed same relied and acted upon the representations of the circulators of the said petition that said conditions were valid. Upon the hearing and consideration of the petition, the county superintendent, on June 9, 1932, made an order annexing all of school district No. 84 to Asher school district No. 112. From that order the requisite number of taxpayers appealed to the county court of° Pottawatomie county, and upon hearing before the county judge the action of the county superintendent in attaching all of school district No. 84 to Asher school district No. 112 was affirmed, and judgment to that effect rendered by the county court. The protestants attempted also to withdraw from the petition at the hearing before the county court. Notice of appeal from the judgment and decision of the county court to the Supreme Court of Oklahoma was duly given, and within the time provided by law for taking appeals from the county court to the Supreme Court a petition in error with the original case-made attached was lodged in this court.

The petition before the county superintendent was filed under section 6860, O. S. 1931, providing that territory outside the limits of any city or town within an independent school district may be added to or detached from such city or town for school purposes upon petition to the county superintendent of public instruction by a majority of the qualified electors of the territory desiring to be attached to or detached from such city or town, and if he deem it proper, and to the best interests of the school of such city or town, he shall issue an order attaching such territory or detaching such territory from such city or town for school purposes, and such territory shall, after being attached, from the date of such order, be and compose a part of such city for school purposes only, and the taxable property of such adjacent territory subject to taxation and shall bear its full proportion of all expenses incurred in the erection of school buildings and in maintaining the schools of such city; such attached territory shall be entitled to elect one member of the school board of education, who shall be elected at the same time that other members of the school board are elected, by the qualified electors of such district at an election to be held at such places as the board of education may designate.

The appeal from the action of the county superintendent was taken to the county court under the provisions of chapter 34, art. 1, sec. 1, S. L. 1931, same as section 6778, O. S. 1931, approved March 13, 1931, with the emergency clause attached. It reads:

"Any person or persons feeling aggrieved at any order or decision of the county superintendent of public instruction, made or entered in any proceeding now pending, or hereafter instituted before any such county superintendent, pertaining to or affecting the boundary of any common, union graded or consolidated school district, or the membership of the school boards thereof, may appeal from such order or decision to the county court. Such appeal shall be taken as hereinafter provided."

Section 2 of chapter 34, supra, same as section 6779, O. S. 1931, provides, in part, that:

"If the appeal be from any order pertaining to the boundary of any school district, the appeal may be taken by one-fourth of the taxpayers residing in the territory affected by filing the notice of appeal hereinafter provided for. * * * Such notice of appeal shall be in writing and shall be filed with the county superintendent, within five days from the date of the rendition of such order or decision. Such notice of appeal need not state any reasons for such appeal."

We are met at the threshold of the con-

sideration of this cause with a motion to dismiss the appeal for the reason that no appeal lies from the decision of the county court to this court. We will first consider that proposition, for if that contention is well taken, then there is nothing before this court for determination and the appeal should be dismissed. We denied the motion to dismiss without prejudice to further consideration upon a final determination of this cause upon its merits. This is new legislation. Prior to the passage of House Bill 98, chapter 34, art. 1, S. L. 1931, there were several sections in our Code providing for appeals from the action of county superintendents of public instruction in organizing school districts and changing the boundaries thereof, as a result of which much confusion had arisen and several conflicting decisions of this court resulted from a consideration of said sections; many of them are considered and discussed in the majority opinion and dissenting opinion in the case of Board of County Commissioners of Carter County et al. v. Woodford Consolidated School District No. 36, 165 Okla. 227, 25 P. (2d) 1057. So, it evidently was the intention of the Legislature to clarify this matter that caused that branch of the government to enact chapter 34, supra. The title to the act reads:

"An act providing for an appeal from the county superintendent to the county court in all matters affecting changes in the boundaries of common, union graded or consolidated school districts or the membership of the school boards thereof; providing how such appeal shall be taken and for the trial thereupon; staying proceedings pending and during such appeal; repealing all laws in conflict, and declaring an emergency."

Section 10321, C. O. S. 1921, provided for the county superintendent dividing the county into a convenient number of school districts and to change such districts when the necessities of the people may require it; and futher provided that no school district shall be changed under the provisions of this section except upon a petition to the county superintendent of public instruction signed by at least one-third of the qualified electors of the district petitioning for the change; and further providing that one-fourth of the qualified electors of any district affected by such change may join in an appeal to the board of county commissioners from the action of such county superintendent, and their action shall be final. If the Legislature had intended that in enacting chapter 34, supra, the appeal to the county court was intended to be final,

it would have so stated in the act. In enacting chapter 34 the Legislature enacted the same in the light of the former decisions of this court construing sections of our Code relative to appeals from the decision of the county superintendent, and also in the light of the construction of this court in construing sections of our Code relative to appeals from courts of justice of the peace and from the board of county commissioners and other boards, and the construction of this court on what is meant by a "trial de novo."

In the case of Peters v. Holder, 40 Okla. 93, 136 P. 400, this court, in the third, syllabus paragraph, held that:

"Williams' Const. Okla. art. 7, sec. 14: 'Until otherwise provided by law * * * in all cases, civil and criminal, appealed from justices of the peace to the county court, there shall be a trial de novo on questions of both law and fact'."

And, at page 96 of the opinion, said:

" 'Trial de novo' means trial of the entire case anew, as if no action had been instituted in court below—a second time. 8 Words and Phrases, p. 7108."

Upon examination of volume 8 of Words & Phrases (1st Series) p. 7108, we find there cited the cases of Shultz v. Lempert, 55 Tex. 273, 277; and Lewis v. Baca, 5 N. M. 289, 21 P. 343, 344. In Shultz v. Lempert, at page 277, that court says:

"Trial de novo does not mean a trial on appeal and on nothing but the record to correct errors, but does mean a trial of the entire case anew, hearing evidence, whether additional or not."

In the case of Nichols v. Vinson, 32 Atl. 225, the Supreme Court of Delaware held that:

"The case then comes up to this court to be tried 'de novo',—that is, just as though no action whatever had been instituted in the court below."

And in the case of Lewis v. Baca et al., 5 N. M. 289, 21 P. 344, it is said:

"A trial de novo, as we take it, means a trial anew in the appellate tribunal, according to the usual or prescribed mode of procedure in other cases involving similar questions, whether of law or fact."

The term "de novo" means anew; a second time. 1 Rap. L. Law Dictionary, 8 A. & E. Encyc. of Law (2nd Ed.) p. 832. In the case of Curtiss v. Beardsley, 15 Conn. 522, it is said:

"By our practice, under the statutes regarding appeals from justices and appeals

from the county court, the cause is brought up entirely unembarrassed by any proceedings in the court below. Unlike a writ of error or proceedings at common law in the nature of appeals, in which only the precise point decided is carried up for revision, the whole cause is brought before the appellate court as if it had been originally commenced there."

In the case of Garvin County v. Lindsey Bridge Co., 32 Okla. 784, 124 P. 324, this court in the first syllabus paragraph held that:

"An appeal lies to the Supreme Court from the judgment of a district court in a case appealed to it from a decision of a board of county commissioners."

In the case of Giles v. Shaw, 146 Okla. 28, 293 P. 1103, this court followed the rule announced in Peters v. Holder, supra, and in the second syllabus paragraph held that:

" 'Trial de novo,' as used in Williams' Const. art. 7, section 14, providing for a trial de novo in cases on appeal from justices of the peace to the county court, means trial of the entire case anew, as if no action had been instituted in court below—a second time."

Section 7679, O. S. 1931, provides for an appeal from all decisions of the board of county commissioners upon matters properly before them to the district court; and section 7682, O. S. 1931, provides that all appeals thus taken to the district court shall be docketed as other causes pending therein and the same shall be heard and determined de novo. Section 15, of article 7, of the Constitution provides that appeals and proceedings in error shall be taken from the judgments of county courts directly to the Supreme Court in all cases appealed from justices of the peace, and in all criminal cases of which the county court is vested with jurisdiction, and in all civil cases originally brought in the county court, in the same manner and by like proceedings as appeals are taken to the Supreme Court from the judgments of the district courts. There is no provision in the Constitution relating to an appeal from any officer, board, or commission to the county court, or from that court to the Supreme Court, so such appeals are governed by the general law relative to appeals where the general law applies. Section 8 of article 7, Constitution, provides that:

"The appellate and the original jurisdiction of the Supreme Court shall be invoked in the manner now prescribed by the laws of the Territory of Oklahoma until the Legislature shall otherwise provide."

Section 1018, O. S. 1931, provides for appeals in cases not otherwise provided for by law, by either party from the final judgment of the justice of the peace to the district, county or superior court, the party appealing to advise the justice of the court to which the appeal is to be transferred. Section 4436, Oklahoma Statutes of 1893, in force at the time the Constitution was adopted, provided that the Supreme Court may reverse, vacate or modify a judgment of the district court for errors appearing on the record and in the reversal of such judgment or order may reverse, vacate or modify any intermediate order involving the merits of the action or any portion thereof. Section 5236, R. L. 1910, was changed so as to provide that the Supreme Court may reverse, vacate or modify judgments of the county, superior, or district courts, for errors appearing on the record; adding to the section found in the 1893 Statutes, county and superior courts. The section appears in O. S. 1931 as section 528, in C. O. S. 1921 as section 780. Section 3952, O. S. 1931, provides that the county court shall have, concurrent with the district court, appellate jurisdiction of judgments of justices of the peace, and of judgments of police judges in all civil and criminal causes. So, it appears that, under the law enacted by the Legislature in adopting the Revised Laws of 1910, an appeal lies from a judgment of the county court in all cases tried de novo in that court, to the Supreme Court, but an appeal does not lie to the Supreme Court where the appeal to the county court is in the nature of an appeal at common law, unless the act providing for an appeal so provides. The Constitution provided for an appeal from a justice of the peace court to the county court until otherwise provided by the Legislature, and under the law now in force a party may appeal a cause from the justice of the peace court to the county, district or superior court, and from either of those courts to the Supreme Court, but a party electing to appeal from the justice court to the county court must, in the event he desires to appeal from an adverse judgment in that court, on such appeal, go to the Supreme Court. Const. sec. 15, art. 7. So, construing all of the acts of the Legislature on the same and similar subjects together, and placing on the words "trial de novo" the meaning heretofore given the same by our court and many other courts, we conclude that an appeal lies to the Supreme Court from the judgment of a county court in a case appealed to it from a decision of the county superintendent of public instruction attaching a common

school district to an independent school district under the provisions of chapter 34, S. L. 1931, and the motion to dismiss the appeal is denied.

This brings us to a consideration of the other propositions raised by the brief of the plaintiff in error. We shall consider the third specification of error next. It is based upon the sufficiency of the petition presented to the county superintendent to confer jurisdiction upon her to attach school district No. 84 to Asher school district No. 112. We held in Re Protest of St. Louis-S. F. Ry. Co., 136 Okla. 265, 277 P. 932, that:

"All property subject to taxation, in territory legally annexed to an independent school district, in the manner authorized and provided for by law, is subject to taxation to pay its full proportion of all legal bonded indebtedness, existing against said district, at the time such territory is annexed, unless the Legislature shall otherwise provide, and also its proportionate part of the expenses of maintaining said district, after said territory is annexed."

The petition presented to the county superintendent was limited by the following reservation and condition: (1) "Providing that Asher school district No. 112 guarantees transportation to all the school children residing in school district No. 84," and (2) "This petition becomes void if Asher school district No. 112 fails to furnish transportation." When the necessary number of qualified electors of a school district present a petition to the county superintendent requesting her to annex the territory embraced in the common school district to an independent school district, such petition must be free from conditions and reservations that tend to mislead the signers and that are impossible of performance or violate some law of the state. If the territory of the common school district is to be attached to the consolidated school district, it becomes a component part of that district and the property of such annexed district is subject to taxation equally with the property of the independent district, and is subject to the provisions of school law relative to transportation of pupils. Having arrived at the conclusion that the petition addressed to the county superintendent is insufficient to confer upon that officer jurisdiction to make the order involved, it is not necessary to consider the other errors assigned.

The action of the county court of Pottawatomie county in sustaining the action of the county superintendent is reversed, vacated and set aside, and the order of annexation made by the county superintendent is vacated, and the petition to annex school district No. 84 to Asher independent school district No. 112 is ordered dismissed by the county superintendent for the reason the same is insufficient to confer jurisdiction upon the county superintendent to enter the order appealed from.

RILEY, C. J., and McNEILL, BAYLESS, and WELCH, JJ., concur.