POULOS v. CARTER et al.

No. 32823.   May 11, 1948.

*193 P. 2d 591.*

N. B. Day and Pat Malloy, both of Tulsa, and Woodson E. Norvell and George E. Norvell, both of Washington, D. C., for plaintiff in error.

Dexter W. Scurlock, of Fort Worth, Tex., and G. C. Spillers and G. C. Spillers, Jr., both of Tulsa, for defendant in error.

ARNOLD, J.   This appeal presents to this court a claim for damage for the alleged wrongful imitation of a trade name and an application for injunction to restrain the use by defendants of the trade name which they have adopted which is claimed to be an imitation of plaintiff's trade name.

Plaintiff alleged in substance that for five years prior to 1945 he had operated a cleaning and pressing establishment at 100 South Elgin street in the city of Tulsa, using the trade name of "Day and Nite Cleaners"; that in March, 1945, defendants purchased a rival cleaning and pressing establishment at 913 South Detroit avenue in the city of Tulsa, which had theretofore been known and advertised as "Boston Cleaners"; that upon acquiring said rival establishment defendants changed the name and style of their business to "Boston Day and Night Cleaners," and caused said name to be painted in large letters on the side of their building and in neon letters on their front windows; that this change in the designation of the business from "Boston Cleaners" to "Boston Day and Night Cleaners" was done by defendants for the fraudulent purpose of misleading and deceiving plaintiff's customers and to secure the business which plaintiff had previously enjoyed and controlled under his trade-name of "Day and Nite Cleaners"; that defendants and each of them well knew that the spelling of the word "nite" and "night" would result in idem sonans; that as a result thereof plaintiff's customers and the general public were and are defrauded, deceived, and misled into

the belief that defendants' said place of business was in truth and in fact plaintiff's place of business, thereby greatly injuring plaintiff's business to his great damage and detriment.

Plaintiff's second cause of action was for exemplary damages.

Plaintiff's third cause of action was for an injunction to restrain defendants from using the name "Boston Day and Night Cleaners" as their trade name.

Defendants filed a general demurrer to plaintiff's petition and special demurrers to each of the three causes of action therein alleged.

Upon a hearing the trial court sustained the demurrer of the defendants and entered judgment dismissing the action, the plaintiff having elected to stand upon his petition.

Plaintiff has made five assignments of error, but in his brief all of his contentions are presented under the single proposition that "upon the facts pleaded plaintiff is entitled to recover." In the statement of his first cause of action, plaintiff's allegations on which depend his right to damages are general in their nature, not averring that by any act or word of the defendants any particular customers of plaintiff were deceived and misled into placing their business with defendants, nor that the defendants or any of their employees made false representations to any of plaintiff's customers or to the public generally that there was any business relation or connection between plaintiff and defendants. In fact, the only statements of fact in plaintiff's first cause of action are those relating to defendants' purchase of a cleaning and pressing establishment and to the adoption by them of a trade name for their business. All other allegations in plaintiff's first cause of action are mere conclusions of the pleader and do not state any facts from which it may be reasonably concluded that any one or more of plaintiff's customers were in-

duced to transfer their patronage from plaintiff to defendants.

The combination of the letters "n-i-t-e" form no English word. In the days of Chaucer there was a recognized English word spelled "nite," but its meaning was "to deny, to abjure, to refuse," but this word has long been obsolete. To contend that customers of plaintiff could be misled by the phonetic similarity of the word "night" and the combination of the letters "nite" is to say that they are ignorant or careless or unobservant. No person with a knowledge of the English language would be misled as to the identity of the two establishments by the mere phonetics of the two trade names. If plaintiff's customers, or any of them, transferred their business to the defendants, it must be presumed, in the absence of specific allegations, that it was done knowingly and intentionally and not by reason of any fraudulent acts or deception on the part of defendants.

It has been frequently noted by this and other courts that considerable confusion exists among the authorities on the question of trade names and unfair competition, but this is largely due to the recognized rule that each case depends upon its own peculiar facts and circumstances. Upon the consideration of a demurrer to a petition, only those facts well pleaded in the petition are admitted by the demurrer. In the instant case, there is no allegation that prior to 1945 plaintiff was the exclusive cleaner in Tulsa doing a day and night business; there is no allegation in plaintiff's petition that the Boston Cleaners, prior to the purchase of that business by defendants, did not conduct a day and night cleaning business; there is no allegation that any specific customer or group of customers of plaintiff have transferred their business to defendants, although if such were the fact plaintiff must have known it; there is no allegation of any fraudulent or deceptive misrepresentations made to plaintiff's customers by defendants

by which their business was lost to the plaintiff; there is no allegation that the volume of plaintiff's business has decreased since 1945 due to any unfair business methods of the defendants other than their adoption of a trade name and legitimately publicizing the same since they acquired the Boston Cleaners. These or similar allegations would give a semblance of verity to plaintiff's claim of damage, but mere conclusions of a pleader stated in general terms do not constitute well pleaded facts which a demurrer admits. Unless a petition states facts sufficient to constitute a cause of action for damages because of similarity of trade names, there can be no basis for a rightful claim to injunction to prevent future damage anticipated to result from the same character of acts and conduct made the basis of the damage claim. Coalgate Abstract Co. v. Coal County Abstract Co., 180 Okla. 8, 67 P. 2d 37; Stillwater Milling Co. v. Eddie et al., 188 Okla. 234, 108 P. 2d 126; Home Insulation Co. v. Home & Building Insulation Co., 175 Okla. 428, 52 P. 2d 1065; O K Bus & Baggage Co. v. O K Transfer & Storage Co., 63 Okla. 311, 165 P. 136.

The order and judgment of the trial court are affirmed.

HURST, C.J., and RILEY, WELCH, CORN, GIBSON, and LUTTRELL, JJ., concur.