## O K BUS & BAGGAGE CO. v. O K TRANSFER & STORAGE CO.

No. 7099—Opinion Filed Oct. 10, 1916.

Rehearing Denied May 29, 1917.

(165 Pac. 136.)

(Syllabus by the Court.)

1. **Trade-Marks and Trade-Names—Particular Business—Exclusive Use.**

One who produces or deals in a particular thing or conducts a particular business may appropriate to his exclusive use as a trade mark or name some symbol or name which has not been so appropriated by another, to designate the origin or ownership thereof; but he cannot exclusively appropriate any designation or part of a designation which relates only to the name, quality, or description of the thing or business, or the place where the thing is produced or the business carried on.

2. **Same — Unfair Competition—Confusing Identity of Business.**

All practices between business rivals which tend to engender unfair competition are odious to the law and will be restrained by the courts. No man will be permitted to

make use of signs or tokens which serve to confuse the identity of his business with that of another so as to mislead the public and divert business from his competitor to himself.

### 3. Same—Action to Enjoin—Defenses.

The existence of business concerns doing business under names of which the letters "O K" constitute a part, which refer to lines of business other than that in which plaintiff is engaged, cannot be urged as a defense to unfair competition engaged in by defendant.

### 4. Same—Action—Counterclaim.

In an action to restrain unfair competition, a counterclaim for damages by the defendant that plaintiff has wrongfully used the trade-name of defendant, and asking that plaintiff be restrained from the use thereof and required to pay damages for the infringement of defendant's rights, is proper, and, if the allegations thereof are sustained, defendant is entitled to the relief sought.

Error from District Court, Oklahoma County; John J. Carney, Judge.

Action by the O K Transfer & Storage Company against the O K Bus & Baggage Company to enjoin alleged unfair competition. Judgment for plaintiff, and defendant brings error. Affirmed.

Blake, Boys & Shear, for plaintiff in error.

Warren K. Snyder, for defendant in error.

HARDY, J. The "O K Transfer & Storage Company" instituted this action against the "O K Bus & Baggage Company" to enjoin it from certain alleged unfair competition with plaintiff in the transfer and storage business. The parties will be referred to as they appeared in the trial court. The petition alleges that during its corporate existence plaintiff had been engaged in Oklahoma City in the transfer and storage business, and conducting a business of warehouseman; that it was not engaged in any bus or baggage business; that the defendant, O K Bus & Baggage Company, was using for advertising purposes the name and style of "O K Bus & Baggage Company"; that recently it had engaged in the transfer and storage business in Oklahoma City, and that the advertisements used by them were very similar to the designation, style and name of advertising plaintiff uses; that plaintiff was located at 336 West First street, and defendant's place of business was 300 West First street; that plaintiff had spent large sums of money in advertising, and its trade-name was extensively used and brought to the knowledge of the public, and plaintiff had acquired a valuable property interest in and to said trade-name, and its use and enjoyment by plaintiff was of great pecuniary

value; that the defendant, well knowing the facts and the rights and privileges of plaintiff, secured by the use and adoption of its said trade-name, and with the intent upon the part of the defendant to appropriate to itself the profits, benefits, and advantages thereof, has engaged in a similar line of mercantile business in close proximity to the established place of business of the plaintiff, and is wrongfully and deceitfully and unlawfully using and applying its name and style of business to defendant's transfer and storage business, and by advertising the same concerning defendant's said business, consisting of signs, newspaper, telephone advertising, etc., or such approximations and simulations thereof as are calculated to deceive and do deceive patrons and customers of plaintiff, to a very large extent, and to plaintiff's great injury and damage. The defendant, "O K Bus & Baggage Company," answering, admitted its incorporation, and its engagemenet in the bus and baggage business, and further alleged that the name "O K Bus & Baggage Company" is the name which relates to the description of the business conducted by defendant, and that plaintiff had never used said name for any designation of its origin or ownership, and has no rights in or to such name and no right to appropriate the same to its exclusive use, and no grounds upon which to claim infringement by defendant upon the name, designation, or advertising of plaintiff; and alleged that the name "O. K. Bus & Baggage Company" does not designate the origin or ownership of said defendant corporation.

After hearing the evidence, the court, being of the opinion that plaintiff had failed to sustain its allegation of money damages, withdrew the case from the jury, and upon consideration, granted a perpetual injunction restraining defendant from the use of the letters "O K" in connection with its sign or signs, upon its warehouse, its place of business, and other places, and also upon the vehicles used by it in its business, and from its advertising; it being stated in the order that it was not intended to enjoin the defendant from advertising or conducting its business in a lawful manner, but only to enjoin the defendant from the use of the letters "O K" in connection with its business and advertising. Exceptions were duly saved, and defendant appealed.

It its judgment the court found:

"That plaintiff had sustained by the evidence all the material allegations of its petition with relation to the equitable features and injunction prayed for."

Defendant relies upon section 6741, Rev. Laws 1910, which is as follows:

"One who produces or deals in a particular thing, or conducts a particular business, may appropriate to his exclusive use, as a trade-mark, any form, symbol or name which has not been so appropriated by another, to designate the origin or ownership thereof; but he cannot exclusively appropriate any designation, or part of a designation, which relates only to the name, quality, or the description of the thing or business, or the place where the thing is produced, or the business is carried on."

And counsel contend that the letters "O K" have no relation either to the origin or ownership of the plaintiff's business, and therefore, under the section of the statute above quoted, plaintiff has no exclusive right to the use thereof; that said letters are applied to almost every class of business, and defendant has an equal right to the use thereof.

The general doctrine of law as to trade-marks and symbols or signs which may be used in the prosecution of one's business, and the protection which the courts will afford to those who originally appropriate them, do not appear to be questioned. Every one is at liberty to affix to a product of his own manufacture any symbol or device not previously appropriated, which will distinguish the article from others of the same general nature, and thus to secure the benefits of increased sales which may accrue by reason of any particular excellence he may have given to the article so designated. The symbol or device thus becomes a sign to the public of the origin of the goods to which it is attached, and an assurance that they are the genuine article of the person first appropriating the symbol; and the use thereof often becomes of great value in preventing the sale of a different or inferior article for the original product. It thus becomes his trade-mark, and he is entitled to protection in its exclusive use by the imposition of damages for its wrongful appropriation by another, or by restraining others from applying it to their goods, and requiring them to account for profits made by the sale of goods marked with it. Amoskeag Mfg. Co. v. David Trainer et al., 101 U. S. 51, 25 L. Ed. 993. However, under this rule, one cannot claim protection for the exclusive use of a trade-name which would give him a monopoly in the sale of any goods other than those of his own. Neither can a generic name or a name descriptive of an article of trade, of its qualities, ingredients, or characteristics, be employed as a trade-mark, and the exclusive use of it be entitled to legal protection. Canal Co. v. Clark, 13 Wall. 311, 20 L. Ed. 581; Amoskeag Mfg. Co. v. Trainer et al., supra.

The plaintiff's petition seeks protection for plaintiff in its business on the ground that the letters "O K" constitute a trade-name, and that the defendant has been guilty of an infringement thereof; and also upon the ground that defendant has been guilty of unfair competition.

It may be conceded that under the evidence plaintiff is not entitled to the exclusive use of the letters "O K" as a trade-mark within the law of that subject, and that it has no proprietary interest in the use thereof in connection with its business.

There would still remain the question as to whether defendant under the findings of the court should be restrained from continuing that kind of competition which is denominated as unfair and condemned by the courts.

Plaintiff's place of business was located at 336 West First street, while defendant's place of business was in the same block at 300 West First street. The plaintiff upon its building had painted its name in large letters, of which the letters "O K" formed a conspicuous part, and upon its vans and other vehicles had likewise displayed said letters, and had used the same in its advertising upon the curtains of theaters, in newspapers, telephone directories, bills, and stationery. The defendant had used the same letters in connecton with its name displayed in similar manner upon its place of business, and in different advertising mediums, and its advertisements were calculated to deceive an ordinarily unsuspecting person. The court found that defendant had simulated and was using a form of advertising closely resembling that of plaintiff, for the purpose of deceiving plaintiff's customers, depriving it of its business and profits, and that said advertising had so deceived customers of plaintiff.

The leading English case (Lee v. Haley, 5 Chancery App. 155) held that the "Guinae Coal Company," which had carried on for some years at Pall Mall a large business and had acquired a considerable reputation, was entitled to enjoin the defendant, who had formerly been their manager and set up a rival business at another place under the name of the "Pall Mall Guinae Coal Company," and afterwards removed to Pall Mall, from the use of its name. In the opinion it is said:

"I quite agree that they have no property in the name, but the principle upon which cases upon this subject proceed is not that there is any property in the word, but that it is a fraud on a person who has established a trade and carries it on under a given name that some other person should assume

the same name, or the same name with a slight alteration, in such a use as to induce persons to deal with him under the belief that they are dealing with the person who has given a reputation to the name. * * * That is a fraud on the part of a defendant to set up a business under such a name as is calculated to lead and does lead other people to suppose that his business is the business of another person."

In Wotherspoon v. Curry, 5 L. R. (5 H. L.) 508, defendant was enjoined from using the word "Glenfield" in connection with a starch manufactured by him; the House of Lords holding that putting the word "Glenfield" upon his labels fraudulently and with the intention of making out that his starch was the starch of plaintiff who had by use acquired the right to the use of the name "Glenfield" on his starch, was a fraud upon the plaintiff; and in Thompson v. Montgomery, L. R. 41, Ch. Div. 35, although it was held that plaintiff was not entitled to register the words "Stone Ale" as a trade-mark, under the act of Parliament in that behalf, yet they had acquired by use the right to the use of the words, and, the conduct of the defendant being in the opinion of the court calculated to deceive the public into supposing that his ales were brewed by plaintiff, he was enjoined from the use of said words.

The rule announced by the Supreme Court of the United States, which has generally been followed in this country, is stated in Lawrence Mfg. Co. v. Tennessee Mfg. Co., 138 U. S. 537, 11 Sup. Ct. 396, 34 L. Ed. 997, as follows:

"Undoubtedly an unfair and fraudulent competition against the business of the plaintiff—conducted with the intent, on the part of the defendant, to avail itself of the reputation of the plaintiff to palm off its goods as plaintiff's—would, in a proper case, constitute ground for relief."

And again, in McLean v. Fleming, 96 U. S. 245, 24 L. Ed. 828, discussing what facts were necessary to constitute an infringement of a trade-mark, it was said:

"Much must depend, in every case, upon the appearance and special characteristics of the entire device; but it is safe to declare, as a general rule, that exact similitude is not required to constitute an infringement or to entitle the complaining party to protection. If the form, marks, contents, words, or the special arrangement of the same, or the general appearance of the infringer's device, is such as would be likely to mislead one in the ordinary course of purchasing the goods, and induce him to suppose that he was purchasing the genuine article, then the similitude is such as entitles the injured party to equitable protection, if he takes seasonable measures to assert his rights and to prevent their continued invasion."

In Coats v. Merrick Thread Co., 149 U. S. 562, 13 Sup. Ct. 966, 37 L. Ed. 847, it was said:

"There can be no question of the soundness of the plaintiffs' proposition that, irrespective of the technical question of trade-mark, the defendants have no right to dress their goods up in such a manner as to deceive an intending purchaser, and induce him to believe he is buying those of the plaintiffs. Rival manufacturers may lawfully compete for the patronage of the public in the quality and price of their goods, in the beauty and tastefulness of their enclosing packages, in the extent of their advertising, and in the employment of agents; but they have no right, by imitative devices, to beguile the public into buying their wares under the impression they are buying those of their rivals."

In Celluloid Mfg. Co. v. Cellonite Mfg. Co. (C. C.) 32 Fed. 94, the court enjoined the use of the word "Cellonite" by the defendant, because the similarity of that word to the word "Celluloid", used by plaintiff, representing an article manufactured by both was sufficient under the circumstances to mislead the ordinarily unsuspecting purchaser. In the opinion it was said:

"The defendant's name was of its own choosing, and, if an unlawful imitation of the complainant's, is subject to the same rules of law as if it were the name of an unincorporated firm or company. It is not identical with the complainant's name. That would be too gross an invasion of the complainant's rights. Similarity, not identity, is the usual recourse when one party seeks to benefit himself by the good name of another. What similarity is sufficient to effect the object has to be determined in each case by its own circumstances."

Shaver v. Heller & Merz Co., 108 Fed. 821, 48 C. C. A. 48, 65 L. R. A. 878, is a well-considered case on this subject, supporting the foregoing rule, and reviews the authorities at great length in an able opinion by Sanborn, Judge.

The unfair competition complained of in this case is similarity in its advertising, which, according to the findings of the court, so closely resembled that used by plaintiff as to deceive and mislead plaintiff's customers.

In Knott v. Morgan, 48 Eng. Rep. (Reprint) 610, the Rolls Court granted an injunction restraining the defendant from using upon its omnibus the words "Conveyance Company," or "London Conveyance Company," or any device used by plaintiffs for the purpose of distinguishing their property, and thereby depriving them of the profits of their business by attracting custom on a false representation that carriages really

the defendant's belonged to and were under the management of the plaintiffs.

In the case of N. Y. Cab Co. v. Mooney, cited by Browne on Trade-Marks, at page 573, defendants were enjoined from using cabs painted and lettered to create the impression that they belonged to the plaintiff.

In American Brewing Co. v. St. Louis Brewing Co., 47 Mo. App. 14, it was held that:

"Even where there may be no exclusive right to the use of a word, * * * as a trade-mark, a person who uses signs and devices, containing the word, for the purpose of advertising the sale of goods of his manufacture, will be entitled to protection against the fraudulent imitation of such signs and devices by others for the purpose of representing their goods as those of his manufacture."

In Johnson v. Hitchcock, 3 N. Y. Supp. 680, a real estate auctioneer, who for many years had sold suburban property on the installment plan and had always used in his business and for several years had printed in connection with his advertisements a representation of a flag with stars on the upper and lower borders, was awarded an injunction against the use of a like arrangement of stars upon the representation of a flag used in the advertisement of another real estate auctioneer who sold suburban property on the installment plan.

The case of Weinstock Lubin & Co. v. Marks, 109 Cal. 529, 42 Pac. 142, 30 L. R. A. 182, 50 Am. St. Rep. 57, further illustrates this principle. Plaintiffs had adopted the name "Mechanics Store," for their place of business, and in the management and conduct of their business fixed a price upon each and every article, marked the same in plain figures thereon, and sold such articles at the prices so marked, and never deviated therefrom. By extensive advertising throughout the entire Pacific Coast, their method of doing business became widely known, and plaintiffs acquired a wide and honorable reputation. Plaintiffs' place of business was located in a building of peculiar architecture. Defendant erecting a building of similar architecture, adjoining that of plaintiffs, and, for the purpose of deceiving customers of such firm, adopted the name "Mechanical Store," and refrained from using any sign about the building to designate the proprietor. The court held that equity could not compel the defendant to designate who was the proprietor of his store, but required him to distinguish his place of business from the other in some way that would be a sufficient indication to the public that his store was a different place of business from that of the other.

Many other authorities could be cited announcing the same rule under similar circumstances, but the foregoing appears to be sufficient to indicate the state of the law on this subject.

The rule may be summed up thus: That all practices between business rivals which tend to engender unfair competition are odious to the law and will be restrained by the courts, for no man will be permitted to make use of signs or tokens which serve to confuse the identity of his business with that of another so as to mislead the public and divert business from his competitor to himself. Where a person intentionally uses signs or advertising or other devices or symbols in imitation of those theretofore adopted by a business rival, for the purpose of deceiving the public and obtaining for himself the benefits properly belonging to his competitor, by reason of adoption of such sign, symbol, or advertising, the use of such imitation will be restrained. Paul on Trade-Marks, sec. 223; Browne on Trade-Marks, sec. 43; Lawrence v. Tennessee, supra.

The defendant urges as an additional matter of defense that various other business enterprises were being conducted under names of which the letters "O K" formed a part, and that by reason thereof plaintiff has no right to complain of such use by the defendant. It is obvious, however, that such letters in connection with the other business enterprises were not used in such a way as to interfere with plaintiff's business or to create the impression in the mind of a person dealing with any of such concerns that they were dealing with plaintiff, because the line of business in which they were engaged is wholly unlike that of plaintiff.

Particular reference is made to the "Phillips O K Bus, Baggage & Carriage Company"; but it appears that this concern is not engaged in the transfer and storage business, as is the defendant, and that a working arrangement exists between plaintiff and said "Phillips O K Bus, Baggage & Carriage Company," whereby the transfer and storage business that may come to it will be delivered to plaintiff, and there is therefore no competition between the two.

A similar question was involved in Celluloid Mfg. Co. v. Cellonite Mfg. Co., supra, where Mr. Justice Bradley of the United State Supreme Court delivered the opinion, and said:

"But it is obvious that such special names, indicating confinement to a particular branch of the trade, are wholly unlike complainant's general name of 'Celluloid Manufacturing Company.' Besides this, it is altogether

probable, as we gather from one of the affidavits, that these branch companies are mostly licensees of the complainant, and very properly ·use the word 'Celluloid' in ·their names. We think that this defense cannot justly prevail."

The same rule applies in this case under the facts disclosed by the evidence, and defendant cannot urge these matters as a defense herein.

Neither can the question of laches enter into this case, for it appears from the allegations of the petition, and from the evidence, that only within a very recent time had defendant engaged in the transfer and ·storage business in competition with plaintiff, and that plaintiff promptly brought this action upon learning of the unfair methods of competition indulged in by defendant. Celluloid Mfg. Co. v. Cellonite Mfg. Co., supra.

At the trial defendant offered to prove that plaintiff, through its agents and employes, had represented themselves as being in the service of defendant, and by such unfair means had succeeded in diverting their patronage to the plaintiff. This offer was excluded, and error is urged. Ordinarily, in an action of this kind, a counterclaim on the part of defendant alleging that he is himself the owner of the name, and that plaintiff has wrongfully used it, and asking that plaintiff be restrained from the use thereof and required to pay damages for the infringement of defendant's rights, is proper, and if the allegations thereof are sustained defendant is entitled to the relief sought. G. & H. Mfg. Co. v. Hall, 61 N. Y. 226, 19 Am. Rep. 278. It appears, however, that defendant only offered to prove a single instance of such conduct, and that the attempt of plaintiff's employe was discovered, and that defendant collected the charge for the services performed by the agent of plaintiff. Had the evidence been admitted, there would have been no proof of actual damages, and its exclusion, if error, was harmless.

The judgment is affirmed.

All the Justices concur.