### ACME SCREEN CO., Inc., v. PEBBLES.

No. 21205. Opinion Filed Sept. 20, 1932.

A. M. Beets, O. K. Wetzel, and George Miller, for plaintiff in error.

Shirk, Danner & Phelps, for defendant in error.

RILEY, J. Plaintiff in error, plaintiff below, is a Texas corporation. On March 12, 1923, it domesticated under the laws of the state of Oklahoma, and has since that time been doing business in Oklahoma under its corporate name, Acme Screen Company. Its business is that of manufacturing, selling, and distributing screen doors and windows, with its warehouse located at 1744 W. Third street, Oklahoma City. It has been engaged in that business in Texas since about 1912. It first opened the business in Oklahoma, February 20, 1923.

Since about 1912, the Acme Steel Screen Company or Acme Metal Screen Company has been manufacturing and selling a patented metal reversible screen. Sometime about January, 1923, defendant in error. defendant below, secured the agency for the Acme Metal Screens and began selling their products. Sometime thereafter he adopted and used the name of Acme Steel Window Screen Company, as the name under which he did business, and sometime later changed to the Acme Metal Screen Company. Sometimes he used both names. Under these names he sold and distributed the metal screens manufactured by the Acme Metal Screen Company or Acme Steel Screen Company of Chicago.

Plaintiff brought this action in equity to enjoin defendant from doing business as the Acme Steel Window Screen Company, or using the name of Acme Metal Screen Company, or doing business under such name and from using the word "Acme" as a part of any name which he may adopt for use in manufacturing, selling, or furnishing door and window screens.

Prior to bringing this action the window and door screens manufactured and sold by

plaintiff were of wood frames, while those sold by defendant were of metal.

The grounds upon which the injunction was sought were that defendant, being engaged in a competitive business with plaintiff, is using the name Acme Metal Screen Company as applied to said business in his advertising and especially in the telephone directory of Oklahoma City, and that said name was being used for the purpose and with the intent of availing himself of the good name, standing, and reputation of the plaintiff and in order to be listed first in the alphabetical listing in the telephone directory, and that the name so used is so similar to the name of plaintiff as to confuse and mislead plaintiff's customers and does confuse and mislead them to plaintiff's damage.

The trial court found generally against plaintiff and denied the injunction, and plaintiff appeals.

Plaintiff in its original brief cites and relies principally upon O. K. Bus & Baggage Co. v. O. K. Transfer & Storage Co., 63 Okla. 311, 165 P. 136, and Edw. C. Hofstra Co. v. Hofstra Mfg. Co., 123 Okla. 3, 251 P. 745.

The facts in the instant case are entirely unlike those in the two cases cited. There, in addition to the similarity of names, there was evidence of practices on the part of the defendants showing that they were endeavoring to lead the public to believe that their company was the same as that of plaintiff, such as using similar designs, signs, and symbols in advertising their business and showing an attempt to palm off their goods and service as that of the plaintiffs.

In the case at bar the evidence shows no such practices. The advertising matter was wholly different from that of plaintiff. The designs, signs, symbol, etc., used by defendant in his advertising were entirely different from those used by plaintiff. There is not a single fact testified to in the record which would in the least tend to show that defendant in any way sought to lead the public to believe that the screens he was handling were the same as those made by plaintiff.

There is evidence tending to show that on some few occasions in four years mail intended for plaintiff was delivered to defendant, and on two or more occasions mail intended for defendant was delivered to plaintiff. The manager of plaintiff company in Oklahoma City testified that, "That is the only thing we ever had any trouble with at all."

The case is very much like that of Hub Dress Mfg. Co. v. Rottenberg (Mass.) 129 N. E. 442, wherein the Hub Dress Mfg. Company sought to have the defendants restrained from conducting their business under the name of "Hub Novelty Dress Company" or any other name containing both the words "Hub" and "Dress." Therein the court quotes with approval the following:

"The plaintiff is entitled to relief only on the ground of unfair trade competition or interference with his established rights. * * * There can be no recovery unless it appears that there has been a wrongful appropriation by the defendants of trade which belonged to the plaintiff. * * * Actual or probable deception of the public to the harm of the plaintiff is the basis of the action. There can be no unfair competition unless the plaintiff is in fact a rival for the trade which the defendants secure."

There cotton dresses such as were made by plaintiff were not made by defendant. Here screens the frames of which were of wood were made and sold by plaintiff. Defendant was selling screens the frames of which were of metal. It was not until long after the action was commenced that plaintiff began to use metal frames. Defendant did not attempt to palm off his goods as those of plaintiff. He did not attempt to appropriate plaintiff's business by using the name Acme Steel Screen Company or Acme Metal Screen Company. The very name itself indicated that the screens sold by defendant were of different material from those sold by plaintiff. In such circumstances we cannot say that the findings and judgment of the trial court were against the clear weight of the evidence.

The judgment is affirmed.

LESTER, C. J., CLARK, V. C. J., and HEFNER, CULLISON, SWINDALL, McNEILL, and KORNEGAY, JJ., concur. ANDREWS, J., absent.

Note.—See under (1) annotation in 66 A. L. R. 948; 26 R. C. L. 879, 880.