## BROTHERHOOD OF PAINTERS, DECORATORS, AND PAPERHANGERS OF AMERICA, LOCAL NO. 443, v. UNITED HOME INDUSTRIAL UNION OF OKMULGEE.

No. 27832. Oct. 18, 1938.

Rehearing Denied Nov. 15, 1938.

C. E. B. Cutler, for plaintiff in error.

W. C. Alley, for defendant in error.

BAYLESS, V. C. J. Brotherhood of Painters, Decorators, and Paperhangers of America, Local Union No. 443, located at Okmulgee, Okla., brought an action in the district court of Okmulgee county, against United Home Industrial Union of Okmulgee, a corporation, for injunctive relief. The basis for the action was the charge that the union label adopted by the defendant illegally imitated the union label long since adopted and used by the plaintiff, and a charge that defendant illegally competed with plaintiff by representing that members of the defendant union were members of plaintiff union, and by these means deceived the public. The defendant filed an answer denying these charges and a cross-petition setting up its corporate existence as a labor union, and making charges of unfair and illegal acts of restraint and competition on the part of the plaintiff, and seeking injunctive relief therefrom.

At the trial of the cause both sides introduced evidence. The trial judge denied plaintiff relief. and likewise denied defendant relief on its cross-petition. The plaintiff alone appeals.

The trial court found, and we agree, that there was no proof of misrepresentation and deceit on the part of the defendant, as alleged by the plaintiff. This leaves only one question of fact: Is the union label used by the defendant so similar to that used by the plaintiff that an ordinarily prudent person, exercising ordinary intelligence and observation, will certainly or probably be confused and thereby deceived? Coalgate Abstract Co. v. Coal County Abstract Co., 180 Okla. 8, 67 P.2d 37.

The first two propositions argued by plaintiff relate to the regularity of the defendant's registration of its label, and the late date at which it was organized and put itself on record. These are not matters which concern the plaintiff. Plaintiff could not prevent, and indeed cannot complain of, these acts on the part of the defendant under the statutes cited and relied upon by the plaintiff. This aspect of the case will be discussed under proposition 4.

Proposition 3 relates to the admission of alleged incompetent evidence. This evidence involved a comparison of the union label, painted by defendant, with a label of the plaintiff of a different size and intended for certain limited uses other than for painting. We do not see any prejudice in this. While like ought to be compared to like, the trial judge undoubtedly was astute enough not to be confused thereby.

Proposition 4 reads:

"Are the findings, decision and judgment of the court, after considering the whole record, against the clear weight of the evidence?"

There is strongly implied in plaintiff's pleadings, evidence, and argument in the briefs that it is the sole union and that it virtually amounts to an invasion of its rights for the defendant to assert that it is a union or for its members to hold out to the public that they were union workers and authorized to paint a label or other

signal to indicate that the work had been done by a union worker.

The assumption of this pretended exclusive right must be rejected.

Not only this, but the plaintiff cannot appropriate to its exclusive use any general design or symbol composed of common geometrical designs or combinations thereof. 26 R. C. L. 880. No one may acquire the exclusive right to the use of an outline such as a diamond, square, triangle, circle, or combination thereof. American Automobile Ass'n v. American Automobile Owners' Ass'n, 216 Cal. 125, 13 P.2d 707, 83 A. L. R. 699.

It is only when the alleged unfair competitor not only adopts the general outline, but also the lettering, marks, coloring, and other distinguishing features, and so uses these to confuse the identity of his business with that of another and thereby misleads the public, that the law acts. O K Bus & Baggage Co. v. O K Transfer & Storage Co., 63 Okla. 311, 165 P. 136. In that case it was said:

"The plaintiff's petition seeks protection for plaintiff in its business on the ground that the letters 'O K' constitute a tradename, and that the defendant has been guilty of an infringement thereof: and also upon the ground that defendant has been guilty of unfair competition.

"It may be conceded that under the evidence plaintiff is not entitled to the exclusive use of the letters 'O K' as a trademark within the law of that subject, and that it has no proprietary interest in the use thereof in connection with its business.

"There would still remain the question as to whether defendant under the findings of the court should be restrained from continuing that kind of competition which is denominated as unfair and condemned by the courts."

The court then held, upon consideration of the entire record, that the defendant therein had not only taken the designation "O K" but had adopted so many other practices as to evince an intent to mislead the public and divert business from the plaintiff by the confusion thus created.

In the present case the union label adopted by plaintiff is:

It is shown that the painter members of such union paint a label on jobs they have finished, which consists of the general outline above shown with the formula "union made No. 443" extending across the length thereof. The painter fills in the number of the local union to which he belongs.

In this case the defendant union has adopted as its label the following:

It seems that the members paint this symbol upon jobs finished by them.

No significance seems to be given to the colors used.

The rule with respect to the test to be applied is that of comparison. In American Automobile Ass'n v. American Automobile Owners' Ass'n, supra, it is said:

"Of course, the only rule by which resemblances or differences can be detected is by physical comparison. Placing the objects of disputed similarity side by side is the method adopted by all courts, that not only the size, shape, and forms may be brought into juxtaposition, but also that the color effect will be brought into the picture. There can be no other fair method of arriving at the truth. This is the approved test and the only way by which similitudes and differences may be compared. Whether one emblem resembles another is to be determined by an inspection of the points of difference and resemblance, as a whole, and not merely of points of resemblance. Richmond Remedies Co. v. Dr. Miles Medical Co. (C. C. A.) 16 F.2d 598; Postum Cereal Co. v. American, etc., Co. (C. C. A.) 119 F. 848; Viavi Co. v. Vimedia Co. (C. C. A.) 245 F. 289; Southern California Fish Co. v. White Star Canning Co., 45 Cal. App. 426, 187 P. 981. When so examined, the emblems of the contending competitors differ in so many conspicuous and essential features—in name, coloring, number, and formation of letters, symbol— that it does not seem possible the one should be mistaken for the other by persons of ordinary intelligence, exerising ordinary care in the concerns of business. The form of the diamond is not absolutely identical. Of course, that is not susceptible of exclusive appropriation. But even should mistakes infrequently occur, the error would be with the person who fails to use his powers of perception in distinguishing differences where they actually exist. The similarity between numerous types of automobiles themselves is more striking than is the similarity between the emblems in the present case."

22

Much that is said therein applies here. It seems to us that the observation: "But even should mistakes infrequently occur, the error would be with the person who fails to use his powers of perception in distinguishing differences where they actually exist" is pertinent. In the case we have before us it would not require any great perception to notice the obvious differences.

Should any persons fall into such error, we would feel much as the C. C. A. 8th Circuit felt as it was considering the similarities and differences of labels in the case of P. Lorillard & Co. v. Peper, 86 Fed. 956, when it said:

"The difference is such that the eye will take it in at a moment's glance. Summing it all up, while there are certain minor points of resemblance which have been forcibly urged upon our attention * * * yet, looking at the two packages with their labels,—taking the tout ensemble,—it appears to us clear that they are so essentially different that no one of ordinary intelligence, * * * would be misled. * * * We cannot surrender our own judgment in this matter because others may be of a different opinion. * * *"

It may be noticed in closing that those desiring to avail themselves of the services of a union painter, and who inquired of defendant's members if they were union men, immediately noticed that their card and the label thereon was not that of plaintiff union. They commented upon it and made other pertinent inquiry.

The union label painted by defendant upon the sign (a photograph of which is in evidence) would not deceive anyone who observed it within a reasonable distance.

There is no evidence in the record to show misrepresentation on the part of the defendant or its members, nor is there any evidence of any other acts on the part of the defendant or i's members designed to unfairly compete with the plaintiff. Therein lies the difference between this case and that of O K Bus & Bag. Co. v. O K Trans. & Stor. Co., 63 Okla. 311, 165 P. 136, this difference being the same as that pointed out in Acme Screen Co. v. Pebbles, 159 Okla. 116, 14 P.2d 366.

The judgment is affirmed.

OSBORN, C. J., and RILEY, CORN, GIBSON, HURST, and DAVISON, JJ., concur. WELCH and PHELPS, JJ., absent.