### NEBRASKA CONSOL. MILLS CO. v. SHAWNEE MILLING CO.
#### No. 4395.

United States Court of Appeals
Tenth Circuit.
June 30, 1952.

Gerrit P. Groen, Chicago, Ill. (James P. Hume, Chicago, Ill., and Byrne Bowman, Oklahoma City, Okl., on the brief), for appellant.

Kenneth Abernathy, Shawnee, Okl. (Abernathy & Abernathy and G. C. Abernathy, Shawnee, Okl., on the brief), for appellee.

Before PHILLIPS, Chief Judge, and BRATTON and HUXMAN, Circuit Judges.

PHILLIPS, Chief Judge.

Nebraska Consolidated Mills Company[1] brought this action against Shawnee Milling Company[2] for alleged trade-mark infringement and unfair competition. Both Consolidated and Shawnee are engaged in the manufacture and sale of high-grade family flour and other wheat products. Each competes with the other in the sale of its products throughout the Southern states of the United States, and particularly in Alabama. Consolidated charges that its common-law rights in the trade-mark "Mother's Best" have been infringed by Shawnee's use of the trade-mark "Mother's Pride" on identical goods and that Shawnee has engaged in unfair competition in that the use by it of the trade-mark "Mother's Pride" on flour and related products is calculated to deceive and does deceive the purchasing public by inducing members thereof to believe that Shawnee's products are Consolidated's products. From an adverse judgment, Consolidated has appealed.

Neither "Mother's Best" nor "Mother's Pride" is a registered trade-mark. Consolidated only asserts common-law rights in its trade-mark.

The label employed by Consolidated on its flour containers may be thus described: In the upper portion of the label on the upper side of the sack, are the words "Mother's Best" in blue letters on a white background. While the words are in hand lettering, the letters closely resemble Gothic type (sans-serif). Below the words "Mother's Best" is a design with a circular blue border and an inner blue circle. Between such circle and the border is an area with a white background and the words "Absolutely Guaranteed for Every Baking Need" in blue letters. Inside the blue circle is an area with a white background and wheat heads of the color of ripe wheat. Superimposed on such design are rectangular areas with blue borders and white backgrounds. The word "Enriched" is in one of such areas and the word "Flour" in the other of such areas, both in red letters. To the left of the design is the name and address of the manufacturer in blue letters. To the right of the design are the words "Phosphated White Flour With Vitamins" in blue letters. In a line across the label below the design is the weight of the package in blue letters, the words "For Delicious Cake—Pastry—Bread" in red letters and the word "Bleached" in blue letters. The butt label is composed of the words "Mother's Best" in type resembling Gothic (sans-serif) and the words "Enriched Phosphated Flour," all in blue letters. On the left of such label is the weight in red letters and figures and on the right the word "price" in red letters.

The label employed by Shawnee may be thus described: On the upper side of the sack, against a background of blue, white, and yellow, is a picture of a mother and

1. Hereinafter called Consolidated.

2. Hereinafter called Shawnee.

child, a loaf of bread, and cupcakes. Above the picture of the mother, in hand lettering, and in type that is a modified Roman, are the words "Mother's Pride" in red letters with blue borders. On the sides of the label are the words "Self-Rising" in red letters and below the label are the words "Self-Rising Flour Bleached" in red letters. Below the latter words is the name of the milling company, with its address, in blue letters. The butt label is rectangular in form with a white background and blue border. It contains in the center the words "Mother's Pride" in modified Roman type, in red letters with blue borders. On the left side of the rectangular butt label are the words "Extra Fancy Patent" in blue letters and on the right side the weight of the package and the words "Self-Rising Flour Bleached" in red.

The trial court, among others, made the following findings:

"22. The brand name Mother's Pride is not sufficiently similar to the brand name Mother's Best to be likely to deceive an ordinary buyer exercising ordinary intelligence and observation in business matters.

"23. A comparison of the designs and labels on the bags, containers and packages in which the Defendant's flour Mother's Pride and the Plaintiff's flour Mother's Best are packed and sold shows that same are so markedly different in appearance that there is no similarity which would certainly or probably deceive an ordinary buyer exercising ordinary intelligence and observation in business matters."

In Ph. Schneider Brewing Co. v. Century Distilling Co., 10 Cir., 107 F.2d 699, 704, we stated the test for determining whether confusion of goods is likely to result, as follows:

"The test is whether the similitude in the labels would probably deceive a purchaser who exercises ordinary prudence, not the careless buyer who makes no examination."

Both parties agree that the law of Oklahoma is controlling. In Stillwater Milling Co. v. Eddie, 188 Okl. 234, 108 P.2d 126, 128, the court said:

"The principles by which it may be determined whether or not simulation of an established trade-mark or trade-name constitutes unfair competition and thus justifies injunctive relief have been recently reiterated by this court. In the case of Coalgate Abstract Co. v. Coal County Abstract Co., 180 Okl. 8, 67 P.2d 37, it was held: 'Under the law of unfair competition, in order to enjoin the use of a trade-name there must be such a similarity to one formerly used or employed that the ordinary buyer, exercising ordinary intelligence and observation in business matters, will certainly or probably be deceived. Mere possibility of deception and confusion is not sufficient.' " [3]

In Brotherhood of Painters, etc., v. United Home Industrial Union of Okmulgee, 184 Okl. 20, 84 P.2d 1101, 1103, the court said:

"Whether one emblem resembles another is to be determined by an inspection of the points of difference and resemblance, as a whole, and not merely of points of resemblance."

The only similarity in the two labels is the word "Mother's." In the type employed, in the colors, in the design and background, and in their general appearance the labels are distinctly different. Except for the word "Mother's" the label employed by Shawnee in nowise resembles the label employed by Consolidated.

We are convinced, as was the trial court, that there is not such a similarity in the two labels that the ordinary buyer, exercising ordinary intelligence and observation in business matters, would be deceived.

It is urged that in the self service stores, the buyer would observe only the butt portion of the label. It is a matter of common knowledge, of which this court may take judicial notice, that sacks of flour

3. See, also, Coalgate Abstract Co. v. Coal County Abstract Co., 180 Okl. 8, 67 P.2d 37, 40.

and other heavy articles are displayed in self service stores on the lower counters, well below the eye level of customers, and that the entire label on flour containers, both the upper and butt portions, can be readily seen by prospective purchasers.

However, we are convinced that even if the purchaser observed only the butt labels, the differences pointed out above are such that a purchaser, exercising ordinary intelligence and observation in business matters, would not be deceived.

We deem it unnecessary to consider the other grounds on which the trial court based its decision. The findings set out above are supported by substantial evidence and are not clearly erroneous and those findings alone warrant an affirmance of the judgment below.

Affirmed.