**CARPET CITY, Incorporated, a corporation, Plaintiff in Error,**

v.

**CARPET LAND, Incorporated, a corporation, and Malon Alverson, also known as Al Alverson, Defendants in Error.**

**No. 37818.**

Supreme Court of Oklahoma.

Sept. 23, 1958.

Rehearing Denied Jan. 6, 1959.

Application for Leave to File Second Petition for Rehearing Denied Feb. 17, 1959.

Milsten, Milsten & Morehead, Tulsa, for plaintiff in error.

R. M. Cowen, Tulsa, for defendants in error.

CORN, Vice Chief Justice.

In 1947 Carpet City, Inc., was duly incorporated for the purpose of carrying on the business of selling carpets and rugs with its principal place of business in the city of Tulsa. Later places of business were established by it in the cities of Bartlesville and Enid. Although it was separately incorporated a place of business was also established in Oklahoma City.

Over the period of years from the date of its creation large sums of money were expended in its advertising programs. Its volume of sales is large.

For several years Malon Alverson was employed by it in various parts of its organization. He became well versed in the method of operation.

In the early part of the year 1955 he resigned from such employment. For approximately the next six months he was a traveling salesman covering Oklahoma and Texas. In December 1955 he determined to open his own carpet and rug business in the city of Tulsa. He incorporated under the name of Carpet Land, Inc. The location of the business was several miles from the location of Carpet City, Inc.

At or about the time Carpet Land, Inc., opened for business Mr. Alverson called his former employer and advised that the business was being opened and under what name. A few days later Mr. Davidson, president of Carpet City, Inc. called Mr. Alverson and requested that the name be

changed. Other conferences were held including consultation with their respective attorneys. Mr. Alverson refused to change the name of the business.

On or about February 10, 1956, Carpet City, Inc. as plaintiff filed this action against Carpet Land, Inc. and Malon Alverson, as defendants alleging that the adoption of such name, design and symbol was a fraud upon the plaintiff and was intended to lead the public to believe that in dealing with defendant company it was dealing with plaintiff and avail itself of plaintiff's, advertising, and by defendant Alverson's knowledge of plaintiff's business methods secure an unfair advantage; that the damage caused thereby was hard to ascertain but if permitted the future damage would be irreparable. It sought a permanent injunction restraining defendants from carrying on a carpet and rug business under the name of Carpet Land, Inc., in plaintiff's trade area.

Defendants denied each and every allegation and specifically denied that the similarity of the names would confuse the public or that its symbol was similar to the design or symbol of plaintiff. It then specifically denied that plaintiff had suffered any damage thereby.

The evidence on behalf of plaintiff disclosed the extensive advertising by plaintiff. That on at least two or three occasions samples for the defendant Carpet Land, Inc. were sent to its address; that some of the friends of the president, Mr. Davidson, upon seeing the sign Carpet Land, Inc. asked if it was plaintiff's business; that on at least one occasion some one called at its office asking to speak to Mrs. Alverson, the wife of the defendant; that through advertising and other media it had developed an extensive carpet and rug business; that it was not the exclusive dealer for most of the rug manufacturers; that its business had been affected by the name of the defendant even though, during the period in question, plaintiff's business had shown an increase; that defendant Alverson had stated that Mr. Davidson had requested the name be changed, but defendant figured he would be entitled to $4,000 for so doing; that defendant wanted to use the similar name because some people might be confused and he, Alverson, would get a little business that way.

The various exhibits introduced showed the design and symbols as well as the type of printing of both companies. The name of plaintiff was super imposed on an unrolled rug. The name of the defendant was super imposed on a scroll. The printing was similar.

The evidence on behalf of defendant indicates that there was no confusion; that defendant, Alverson, got his idea for the name used while traveling in Texas; that the idea for the type of lettering and the scroll on which the name was super imposed was from a Disneyland book; that he, Alverson, did not state he was attempting to get damages from plaintiff to get the name changed; that there had been no attempt to confuse customers; that its business was carried on from samples since it had only limited capital.

It was further disclosed that after Mr. Davidson's complaint defendant Alverson caused a sign to be placed in the window advising the public that the store was connected with no other store.

The trial court entered judgment for the defendants. The plaintiff has duly perfected its appeal to this court.

It is contended that the judgment of the trial court was against the clear weight of the evidence. In this connection it is contended that defendant, Alverson, a former employee in a managerial position for plaintiff, went into the same business, adopting a trade name and design calculated to mislead and confuse the public, and that plaintiff is entitled to an injunction enjoining defendant from the simulation of its trade name.

■ One who conducts a particular business may appropriate to its exclusive use as its trade mark or name some symbol or name which has not been so appropriated by another; however, it cannot exclusively appropriate any designation or part of

**358**

a designation which relates only to the name quality or description of the thing or business or the place where the thing is produced or the business carried on. O. K. Bus & Baggage Co. v. O. K. Transfer & Storage Co., 63 Okl. 311, 165 P. 136, L.R.A.1918A, 956; Coalgate Abstract Co. v. Coal County Abstract Co., 180 Okl. 8, 67 P.2d 37; Poulos v. Carter, 200 Okl. 325, 193 P.2d 591.

■ "Carpet" is a generic term applicable to all in the same business and may not be appropriated by one person or firm exclusively so that the use of the term in itself would make it unfair competition for a competitor in the same locality to adopt it as part of its trade name.

■ Practices between competitive businesses that tend to lead to unfair competition will not be permitted. Neither will a competitor be permitted to use even a generic·term in conjunction with other terms, designs or symbols which serve to confuse the identity of its business with that of another so as to mislead the public and divert business from its competitor to it. However, the trade name, design or symbol used must be such that the ordinary buyer, exercising ordinary intelligence and observation in business matters, will certainly or probably be deceived, a mere possibility of deception and confusion being insufficient. Coalgate Abstract Co. v. Coal County Abstract Co., supra; Stillwater Milling Co. v. Eddie, 188 Okl. 234, 108 P.2d 126; O. K. Bus & Baggage Co. v. O. K. Transfer & Storage Co., supra; Poulos v. Carter, supra. Of course if the use of the trade name, design or symbol in itself is not objectionable as unfair competition is coupled with overt acts or conduct by the use of which the competitor intended to mislead and deceive the public as to the identity of the two places of business a court of equity will enjoin its use as an infringement on the right of the first to fair competition. Poulos v. Carter, supra.

Applying the foregoing rules to the facts in this case hereinbefore detailed, suffice it is to say that the judgment of the trial court denying the plaintiff relief is not against the clear weight of the evidence.

In view of the settled law in this jurisdiction in such cases, the cases for the other jurisdictions cited by plaintiff are informative but not controlling.

Judgment affirmed.

WELCH, C. J., and HALLEY, JOHNSON, WILLIAMS and CARLILE, JJ., concur.

BLACKBIRD and JACKSON, JJ., dissent.