**GENERAL ADJUSTMENT BUREAU, INC., Appellant,**

v.

**GENERAL INSURANCE ADJUSTMENT COMPANY, Appellee.**

No. 9160.

United States Court of Appeals Tenth Circuit.

Aug. 31, 1967.

Rehearing Denied Oct. 5, 1967.

Walter D. Hanson, Oklahoma City, Okl., for appellant.

Jack N. Hays, Tulsa, Okl. (Richard W. Gable, Tulsa, Okl., on brief), for appellee.

---

Before JONES,* SETH and HICKEY, Circuit Judges.

HICKEY, Circuit Judge.

The appellant, General Adjustment Bureau, Inc., a national corporation organized pursuant to the laws of New York, has its principal place of business in New York City and is admitted to transact business in Oklahoma. The appellant instituted this action against appellee, General Insurance Adjustment Company, an Oklahoma corporation which has its principal place of business in Tulsa, Oklahoma, and is admitted to transact business in Oklahoma and elsewhere as a general insurance adjustment company.

Appellant sought a perpetual injunction enjoining appellee from using in any manner the name "General Insurance Adjustment Company" or any other name containing the two-word combination "General Adjustment", together with damages and other relief normally prayed for in tradename and rights infringement actions.

The trial court denied the relief prayed for and found no actual confusion nor "significant evidence that the names * * * are so similar as to confuse an ordinary person of ordinary intelligence and observation in business matters, or that such person will certainly or probably be deceived." The question presented for review is the propriety of the findings under the Oklahoma law of tradename and infringement rights.

■■ The determination of whether these two corporate names are confusingly similar is a question of fact, Beatrice Foods Company v. Neosho Valley Coop. Creamery Ass'n, 297 F.2d 447 (10th Cir. 1961), and unless the findings of fact are clearly erroneous we cannot set aside the judgment of the trial court. Fed.R.Civ.P. 52(a).

The evidence reveals that the appellant is a non-profit corporation representing approximately 260 insurance companies, 85% of whom are stockholders of appellant and receive year-end dividends based upon a pro-rata basis to both stockholders and non-stockholders of the profits earned during the year. It is further shown that appellee performs general insurance adjustment services, including a variety of different claims, on a nationwide basis for an affiliated company, National Trailers Convoy, Inc. Appellee represents no company other than National Trailers Convoy, Inc. Appellant has five departmental offices, 72 regional offices, 766 branch offices, 3,758 adjusters and 1,694 clerks. Appellee has one office, 6 to 8 adjusters, and 2 or 3 clerks. Independent adjusters throughout the United States are chosen by appellee for each claim in which National Trailers Convoy, Inc. or its affiliated companies are involved.

The only evidence of confusion introduced was that several pieces of mail and a few telephone calls were misdirected. The misdirected mail was subsequently received by the proper designee and the telephone calls were immediately referred to the proper party.

■ A greater similarity in the names is usually allowed when the customers are capable of close discrimination, 18 Am.Jur.2d Corporations § 148 (1965); Annot., 66 A.L.R. 962 (1930), and are experienced in the area of enterprise with which the parties are concerned. Lawyers Title Ins. Co. v. Lawyers Title Ins. Corp., 71 App.D.C. 120, 109 F.2d 35, 45 (1939). Appellant's clients are insurance companies, long experienced in the insurance business and the handling of claims. They are either the owners of General Adjustment Bureau, Inc., or participate in its earnings. We cannot say that the trial court was clearly erroneous when it found the similarity of the names would not probably deceive the appellee's customers.

Appellant relies upon General Adjustment Bureau, Inc v. Fuess, 192 F.Supp. 542 (S.D.Tex.1961) wherein the United States District Court for the Southern District of Texas applied a "likely to

---

* Of the Fifth Circuit, sitting by designation.

cause confusion" test quoting the Fifth Circuit's opinion in Abramson v. Coro, Inc., 240 F.2d 854, 856 (5th Cir. 1957) and Pure Foods v. Minute Maid Corp., 214 F.2d 792, 797 (5th Cir. 1954).

■ The trial court in this case applied the rule stated in Coalgate Abstract Company v. Coal County Abstract Company, 180 Okl. 8, 67 P.2d 37, 40 (1937) wherein it was held that in order to enjoin the use of a tradename "[t]here must be such a similarity that the ordinary buyer, exercising ordinary intelligence and observation in business matters, will certainly or probably be deceived. Mere possibility of deception is not sufficient."

It is argued there is a difference between the "likely" test and the "probably" test. We do not agree. "Likely" means "probably". The Random House Dictionary of the English Language, 830 (Unabridged ed. 1966). The Oklahoma Supreme Court used both the "likely" language and "probably" language, without distinction, in Stillwater Milling Company v. Eddie, 108 P.2d 126, 128–129 (Okla.1940). Since the adoption of the Oklahoma Business Corporation Act in 1947 the Oklahoma court has continued to consider the tests as synonymous. Carpet City v. Carpet Land, 335 P.2d 355 (Okla.1959) cites with approval Coalgate, supra, and Stillwater Milling, supra, and also refers to O. K. Bus & Baggage Company v. O. K. Transfer & Storage Company, 63 Okl. 311, 165 P. 136 (1916) which used the "likely" terminology. Prudential Insurance Company v. Prudential Life and Casualty Insurance Company, 377 P.2d 556 (Okl. 1962) cited with approval and without distinction cases setting forth each test.

This court used the tests interchangeably in Beatrice Foods Company v. Neosho Valley Coop. Creamery Ass'n, supra. Therefore, we hold that the trial court did not err in applying the "probably" test in this case.

Affirmed.